HUMPHREYS v. DOUGLASS. (No. 465.)

(Court of Civil Appeals of Texas. El Paso. June 3, 1915.)

1. VENDOR AND PURCHASER ⬥296, 316 — REMEDIES OF VENDOR—LIEN—AMOUNT.

Where plaintiff had conveyed a lot to defendant by warranty deed, part of the purchase price being represented by notes secured by a vendor's lien, and agreed to give defendant immediate possession, but defendant was compelled to buy an outstanding tax title, and after one year plaintiff took possession of the premises from defendant's tenant, neither party can succeed in trespass to try title, nor can either rescind, but the plaintiff can recover the balance due on the purchase price, less the amount paid by defendant for the outstanding tax title, and the rental value of the property during the time plaintiff was in possession, and can foreclose a lien therefor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 832, 932, 933; Dec. Dig. ⬥296, 316.]

2. VENDOR AND PURCHASER ⬥285 — REMEDIES OF VENDOR—LIEN—ATTORNEY'S FEE.

A vendor cannot recover an attorney's fee provided for in vendor's lien notes on default in making payments, where no part of the debt was due at the time suit was brought.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 800–807; Dec. Dig. ⬥285.]

3. VENDOR AND PURCHASER ⬥285—VENDOR'S LIEN—INTEREST.

Where vendor's lien notes, payable in weekly installments, provided for interest thereon, a judgment of foreclosure of the lien for the balance due after deducting the amount paid by the purchaser for an outstanding tax title and the rental value during the time the vendor was wrongfully in possession, should include interest on such balance.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 800–807; Dec. Dig. ⬥285.]

Appeal from District Court, Harris County; Norman G. Kittrell, Special Judge.

Action by Delilah Humphreys against Vincent Douglass and Joe Johnson, in which the latter disclaimed. Judgment for part only of the relief claimed, and plaintiff appeals. Reversed and rendered for plaintiff.

Van Velzer & Lewis and W. J. Howard, all of Houston, for appellant. Green & Boyd, of Houston, for appellee.

WALTHALL, J. This suit was brought by appellant against appellee and Joe Johnson, in form of trespass to try title, with a count for title and possession under a rescinded contract of sale as an alternative remedy, and by supplemental petition recovery in debt and foreclosure was prayed.

Defendant Johnson disclaimed. Defendant Douglass answered by admitting his purchase from plaintiff, alleged the purchase of an outstanding title from a third person, filed a cross-action in trespass to try title, and prayed for damages for the value of use of the premises while they were in the possession of appellant. The case was tried without a jury.

The trial court denied both counts in trespass, denied a rescission, allowed recovery to the vendee for the amount paid to acquire the outstanding (tax) title, awarded damages to defendant on his cross-action against plaintiff while the premises were occupied by her after sale to defendant, and rendered judgment in favor of plaintiff for what the court estimated to be the balance of the unpaid purchase money with foreclosure against defendant with writ of possession in favor of defendant, pending foreclosure sale. The trial court filed no finding of fact, except the findings stated in the judgment.

### Findings of Fact.

On the 27th day of February, 1912, Delilah Humphreys was the owner of lot 6, block 116, Bruner addition to the city of Houston, the property in controversy, and on that date, sold and conveyed the property by general warranty deed, to Vincent Douglass, for a consideration of $100 paid in cash, and a promissory note for $400 to be paid in 65 installments, each month, to begin with April 1, 1912, of $6 per month, and one installment of $10; the unpaid balance of the purchase money was expressed in the deed and note, and in said deed and note a vendor's lien was expressly retained to secure the payment of the said unpaid balances of the purchase money. The note provided for the payment of 6 per cent. interest and on default, 10 per cent. on principal and interest then due as collection fees, and a failure to pay any installment of principal or interest would mature all unpaid amount of principal at the option of the holder. None of the deferred payments were made on the notes. At the time of the conveyance, appellant was in possession of the premises through a tenant. Nothing was said between seller and buyer as to the possession of the premises before final payment of the purchase money, nor is there anything in the deed as to possession of the premises. About April 6th, after the execution of the deed and notes, appellee found that the property had been sold for taxes on December 19, 1910, under an execution and order of sale in consideration of $29.63, and against appellant. Appellee redeemed the property by paying to the purchaser $75 on April 6, 1912. Shortly after the purchase from appellant (time not fixed) appellee, without objection from appellant and with her knowledge, had the renter of the premises to attorn to him for rent and collected rent and continued to hold possession by tenant for about one year, when appellant, without appellee's consent, moved into and took possession of the premises, and appellee's tenant then moved out. To our minds, the evidence discloses an implied agreement that the appellee should have possession of the premises from the date of the purchase. The appellant was in possession

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

about 26 months. Appellant in her brief filed, admits that the $75 paid to redeem from tax sale should be allowed. No part of the debt was due at the time of filing the suit.

### Conclusion.

[1] We reach the conclusion that both counts in trespass should be denied, the rescission of the grant should be denied, a recovery to the vendee for the $75 paid for redemption of the property from tax sale should be allowed, and that appellant should have judgment for the balance due on the purchase price, with interest thereon at the rate of 6 per cent. per annum, less the value of the rent, which we hold to be appellee's measure of damage, in this case, for the unlawful detention of the premises during the time appellant has occupied the premises.

[2] We conclude that appellant should not be allowed the attorney's fee of 10 per cent. on the amount of principal and interest due at the time of bringing the suit, as there was no part of the principal due at the time of filing suit—no default in the payment of the principal had then been made. We conclude the amount of the unpaid balance of the purchase price of the property at the time of the rendition of the judgment to be $210.59, calculating by partial payments, instead of $169, found by the trial court. The appellant, we think, is entitled to interest on the $210.59 at the rate provided in the note, 6 per cent. per annum, from the date of the judgment until same is paid, and that she should have a foreclosure of the vendor's lien against the property, and an order of sale directing a sale as under execution.

The conclusion we reach of the issues of fact stated above, necessarily overrules appellant's first, fourth, fifth, and sixth assignments of error, discussing the question as to the right of possession of the premises before final payment of the purchase price. The third assignment must be overruled. There was no part of the principal due at the time suit was filed. The contract to pay 10 per cent. additional as attorney's fee was based on a default to pay principal when it became due, and as there was no default, appellee should not be charged with the collection fees.

[3] Appellant's second assignment complains of the refusal of the trial court "to allow plaintiff a recovery of interest on the purchase money as the contract provided therefor." The judgment of the court for $169 did not include interest. The note provided for the payment of interest from date at the rate of 6 per cent. per annum. The appellant, we think, should have recovered interest. We sustain the second assignment of error, reverse the case, and here render judgment for appellant, Delilah Humphreys, that she do have and recover of and from the appellee, Vincent Douglass, the sum of $210.-

59, together with interest thereon from the 12th day of August, 1914, at the rate of 6 per cent. per annum until paid; and for a foreclosure of the vendor's lien against the property described in plaintiff's petition, viz., lot No. 6 in block No. 116, of the Bruner addition to the city of Houston, Harris county, Tex., and that the clerk of the district court of Harris county, Tex., do issue an order of sale directed to the sheriff or any constable of said Harris county, commanding him to seize and sell said property as under execution and apply the proceeds thereof to the satisfaction of this judgment, interest, and costs of suit, and any excess remaining pay to appellant. That the officer place the purchaser in possession and that defendant Joe Johnson be dismissed on his disclaimer.

Reversed and rendered.