**EZELL et al. v. FOWLER.   (No. 3262.)**

Court of Civil Appeals of Texas. Amarillo. Sept. 25, 1929.

Rehearing Denied Oct. 30, 1929.

Lockhart, Garrard & Brown, of Lubbock, and W. P. Walker, of Crosbyton, for plaintiffs in error.

W. P. Jones, of Crosbyton, for defendant in error.

RANDOLPH, J. This suit was dismissed on a former day in this term, but has been reinstated upon motion of plaintiffs in error, who make proof of waiver of service by defendant Southwell of citation in error, and we accordingly proceed with the consideration of the case on appeal.

The suit was filed in the district court of Crosby county, Tex., by A. A. Fowler, defendant in error in this appeal, in trespass to try title against Eleanor Glenn Ezell, Will F. Ezell, and W. R. Southwell, as defendants, alleging the unlawful dispossession of plaintiff by the Ezells of the following described tract of land, to wit, the S. W. ¼ of survey No. 3, certificate No. 13, abstract No. 9, block No. 2, B & B original grantees, containing 160 acres of land, and situated in Crosby county, Tex.; and that defendant Southwell is asserting certain rights to the land described, the exact nature of which are unknown to the plaintiff, with prayer for relief, that the plaintiff have judgment for the title and possession of said land.

The defendants Ezell filed their original answer, which consisted of a general demurrer and general denial.

On trial of the case, the court rendered judgment for the plaintiff for the land in controversy against Eleanor Glenn Ezell and Will F. Ezell, and also rendered a default judgment against the defendant Southwell, who had not answered. From this judgment the defendants Ezell have appealed by writ of error to this court.

Plaintiffs in error submitted this appeal upon one proposition only, which is as follows: "The plaintiff in a suit in trespass to try title, where a general denial is filed, is required to prove his title before he would be entitled to recover the title and possession as against the defendants filing such general denial."

The plaintiff's petition was a formal action of trespass to try title, as stated. Under this form of action, he was entitled to prove a cause of action to rescind, and is permitted to recover the title and possession of the land.

We see no good reason why, under the liberal remedy of trespass to try title, the equities and rights of the vendor and vendee should not be settled, and especially as the plaintiff is permitted in such action to establish by evidence either a legal or equitable title to the land without averring the facts that constitute his equities. Moore v. Giesecke, 76 Tex. 550, 13 S. W. 290.

"If the plaintiff, in the pursuit of his remedy by trespass to try title, makes a case which shows that the vendee is not in default, this is sufficient to preclude his recovery, as the right to recover does not exist until the vendee is in default, and the duty of proving this fact rests upon the vendor." Huffman v. Mulkey, 78 Tex. 562, 14 S. W. 1029, 22 Am. St. Rep. 71. See, also, Kauffman & Runge v. Brown et al., 83 Tex. 41, 47, 18 S. W. 425, 427; Curran v. Texas Land & Mortgage Co., 24 Tex. Civ. App. 499, 60 S. W. 466, writ denied.

This rule, however, does not dispense with the requirement that the plaintiff shall establish by evidence such facts as entitle him to judgment by rescission of the contract shown to exist between him and the defendants, and that thereby he has been reinvested with the title. It devolves on him to show the default on the part of the defendants to entitle him to such rescission.

In the case at bar, the plaintiff's evidence shows that he had executed and delivered a deed to the land in controversy to Eleanor Glenn Ezell and that the plaintiff offered in evidence certain 10 notes which were recited to be each in the sum of $500 each bearing date February 24, 1926, and due respectively January 1, 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934, 1935, and 1936, each bearing interest at the rate of 6½ per cent. per annum. These notes were given in part payment for the land in controversy.

We are of the opinion that this proof is sufficient to establish the nonpayment of the notes by the defendants, thus resulting in the default entitling plaintiff to judgment.

The notes came from the possession of the plaintiff. They were offered in evidence by him with no alteration or indorsements or indicia of payment. Hence, the presumption is that the debt evidenced by said notes had never been paid. Hutton v. Pederson (Tex. Civ. App.) 153 S. W. 176; 27 Cyc. page 1399; 8 C. J. 1003, § 1309.

We can see no reason why, where a party is permitted under a formal action of trespass to try title to exercise his equitable right of cancellation and rescission, the rule should be any different from that laid down generally as to the presumption of nonpayment by the production of the notes under the circumstances above stated.

The appellants strenuously insist that the evidence does not show that the notes came from the possession of plaintiff. The statement of facts is very brief, almost too brief, but it shows that the plaintiff was on the stand testifying, that he identified certain notes, and that the plaintiff's attorney then took the notes and introduced them in evidence before the jury. This is amply sufficient to establish that the notes came from the possession of plaintiff.

Finding no reversible error, we affirm the trial court's judgment.