### SHAW et ux. v. AMERICAN LIFE INS. CO.
#### No. 12794.

Court of Civil Appeals of Texas.
Fort Worth.
March 25, 1933.

Rehearing Denied April 29, 1933.

M. Kleberg, of Fort Worth, for plaintiffs in error.

Billingsley & Billingsley, of Fort Worth, for defendant in error.

LATTIMORE, Justice.

Appellee brought suit against appellant to foreclose a mortgage. Allegations attacked are as follows:

"That on the 15th day of August, A. D. 1929, Ed N. Shaw and his·wife, Jessie Shaw, executed and delivered to plaintiff, American Life Insurance Company, their certain promissory note in the principal sum of $6,500.00, bearing interest from date at the rate of 8 per cent per annum, interest payable semiannually as it accrues, principal payable in addition to said interest as follows: $300.00 principal due and payable August 15th, 19 ;2; $300.00 principal due and payable August 15th, 1933; balance of principal, namely, $5,-900.00 due and payable August 15th, 1934. That said note provides that a failure to pay the interest or any installment of principal or interest when due, shall at the election of the holder, cause the whole sum of principal and interest on said note remaining unpaid to become immediately due and payable and said note further provides that if said note is placed in the hands of an attorney for collection, or collected through the probate or bankruptcy court, makers agree to pay 10 per cent of the amount then due on principal and interest additionally as attorneys' fees. That said note further provides that principal or interest not paid when due, to bear interest from maturity at the rate of 10 per cent per annum.

"That said note above described was secured by a deed of trust of even date with said note executed by said defendants to R. M. Bowen, Trustee for said American Life Insurance Company, beneficiary as recorded in vol. 386, page 341, Deed of Trust or mortgage records, Tarrant County, Texas, and that said deed of trust lien was given in extension of and in renewal of a certain original mechanic's lien and notes executed by Ed N. Shaw and wife, Jessie Shaw, to West Texas Construction Company and Ray Cadwallader, as shown by mechanic's lien contracts recorded in vol. 88, page 372, and vol. 116, page 329, respectively, mechanic's lien records, Tarrant County, Texas, and that said original liens and notes were transferred and assigned by West Texas Construction Company and Ray Cadwallader to plaintiff herein by transfers dated September 3rd, 1929, and August 15th, 1929, respectively, with said balance due thereon of $6,500.00. That said deed of trust lien and note herein sued upon provides that 'it is agreed and understood that taxes and assessments on said real property herein sued upon shall be paid by the grantors (defendants) as they become due and payable and in event of failure of said plaintiffs to pay said taxes, the payee or holder of this note may at its election declare all of the remaining unpaid balance of principal and interest on this note to be due and payable.' That said deed of trust, lien and note and the original liens extended thereby were executed and delivered for actual and bona fide improvements erected and constructed under statutory mechanic's lien contract upon the following described real property."

The appellee on trial introduced the note sued on, the mortgage given to secure it, the original notes and liens given by appellee to the two contractors named in the pleading and the assignments of such notes and liens to appellee, the affidavit of appellants that said notes and liens were valid and that such improvements had been furnished as per contract, and that the appellee was by appellants requested to purchase said liens and made the above representations for that purpose.

Appellants assign as error that the petition contains no allegation that (1) the plaintiffs are and were at the time of filing the suit the owners and holders of the note; (2) the improvements were placed on the property in a manner sufficient to fix a lien on a homestead; (3) such improvements were accepted by appellants; (4) the affidavit in evidence existed; (5) appellee is the owner and holder of the mechanic's lien notes.

■ The plaintiff alleged the execution of the note to itself as payee and that same is due and unpaid. We believe this is sufficient pleading, unless the note or defendants' pleading cast some suspicion on the ownership.

There is ample evidence that the plaintiff owned the note at the time of suit and to and including the time of trial.

■ Pleading the execution and delivery of the note is sufficient original pleading of a promise to pay.

■ The proof that plaintiff purchased at the request of appellants the mechanic's lien notes after the work had been finished was sufficient, prima facie, to prevent the appellants from contending in this court that there was no showing that the consideration for said mechanic's lien had been performed. Moreover, the affidavit of the appellants that said consideration had been performed was admissible without special pleading of such affidavit. The testimony was undisputed that appellants swore that the mechanic's liens were valid and that the amount of same represented improvements actually placed on the property. The appellants were thereby estopped from saying that $75 of said mechanic's lien was not for improvements, in the absence of some avoidance.

■ The interest on these notes was properly charged as secured by the lien on the homestead. The status of interest is not analogous to attorneys' fees. Interest on a written obligation is an incident to the debt itself. Article 5069, R. S.; Humphreys v. Douglass (Tex. Civ. App.) 177 S. W. 569.

We have examined all assignments and overrule them.

■ The appellee suggests that the appeal should be dismissed because the motion for new trial was filed 28 days after judgment. The trial judge heard the motion. This was within his sound discretion on filing of motion after the tenth day and before the end of the thirtieth day. We do not inquire into an abuse of that discretion, no attack being made thereon.

The judgment is affirmed.