Ygnasio GOMEZ et ux., Appellants,

v.

V. W. RIDDLE et al., Appellees.

No. 13593.

Court of Civil Appeals of Texas.

San Antonio.

March 16, 1960.

Rehearing Denied April 13, 1960.

C. H. Gilmer, Rocksprings, for appellants.

Sam A. Hough, Jr., Rocksprings, for appellees.

BARROW, Justice.

This is a suit by appellants, Ygnasio Gomez and wife, Concha Gomez, to enjoin a sale by V. W. Riddle, Trustee, of real estate alleged to be the homestead of appellants, after default in the payment of indebtedness due appellee First Bancredit Corporation, and also to cancel a "Contract for Labor and Materials and Trust Deed" and promissory note. The trial was to the court, who, after hearing the evidence, rendered judgment in favor of appellee First Bancredit Corporation, for the balance due on said note, interest and attorney's fees, and for foreclosure of the mechanic's and materialman's lien as to all of the debt except attorney's fees. No findings of fact or conclusions of law were requested or filed.

Appellants predicate this appeal upon several points, by which they contend: That the property to be improved was "a Homestead and the acknowledgment of the wife was not taken as required by the Constitution and Laws of the State"; that the contract was not signed and acknowledged before any material was furnished or labor performed; that said contract "does not set forth the terms and it is impossible to determine the value and proper charge for work and material used in improvement of the Gomez Homestead"; that said note arose out of an illegal transaction, and appellee First Bancredit Corporation is not an innocent purchaser.

This case primarily presents the question of whether or not the implied findings of the trial court have support in the evidence. Where the trial is to the court and no findings of fact and conclusions appear in the record, all fact issues will be presumed to have been found in support of the judgment, provided such presumed findings have support in the evidence. Rule 296, Texas Rules of Civil Procedure.

In this case the evidence is conflicting as to whether the acknowledgment was taken in the manner required by the Constitution and Laws of this State. Appellants testified that they went to the office of Mr. E. I. Miller, County Clerk, for that purpose. The effect of their testimony is that they swore to some instrument that was read in English, but they did not understand it. That when they swore to it they stood side by side, thus indicating that the wife's separate acknowledgment was not taken privily and apart from her husband. Mr. Miller testified that it having been some four years since he took the acknowledgment he could not remember the details of the occasion, but that he had a practice in such matters which he followed. That he read over and explained the instrument to the parties, especially in cases where they were unlearned; that he did not permit them to stand side by side while he took the wife's separate acknowledgment, that the husband was required to stand some eight, ten or twelve feet away. He stated that he was sure he handled this matter in his customary way, and further said that he read over the instrument and explained it the best he could, partly in English and partly in Spanish, although his knowledge of Spanish was limited. He testified that he asked Mrs. Gomez if she understood it and willingly signed it, and she answered, "Yes, that is what we came for." Both Ygnasio Gomez and wife testified that while they did not read and write English, they each spoke and understood it to a limited degree. Neither of them claimed that the instrument, as explained to them, was anything other than what was shown on its face. In other words, there was no misrepresenta-

tion to them as to the contents of the instrument

 The certificate appears to be in the usual form for a joint acknowledgment of husband and wife, and contains all the requisites provided by law. It is well settled in this State that the law presumes that the officer regularly performed his duty and that the recitals contained in a certificate of acknowledgment in regular and legal form are true, 1 Tex.Jur.2d 445, § 117, and the general rule has been laid down, that in order to impeach a certificate the evidence must be clear, cogent and convincing beyond reasonable controversy. 1 Tex.Jur.2d 447, § 119. It has also been held that where a person submits to the jurisdiction of a Notary Public for the purpose of acknowledging an instrument, a certificate is conclusive of the facts therein stated, unless fraud or imposition is alleged and proved. Tompkins v. American Rep. Corp., Tex.Civ.App., 248 S.W.2d 1001. Thus, it is evident that the testimony of appellants at most raised an issue of fact which was resolved by the trial court, the trier of the facts, against them. The point is overruled.

 Coming to the next point, appellants rely on the certificate of performance which appears to be dated June 15, 1955, to show that materials were furnished and labor performed before the mechanic's and materialman's lien contract was executed, because said contract was executed, acknowledged and filed for record on June 18, 1955. The evidence shows that this certificate of performance is no part of the mechanic's and materialman's contract, but is a separate instrument prescribed and required by the F.H.A. for loans guaranteed by it. The evidence shows that Mr. Carl D. Crunk executed and acknowledged the contract and other papers in Del Rio, Texas, on June 17, 1955, and sent them to Rocksprings, Texas, by an agent, where they were to be executed by appellants. Crunk further testified that he left all the date lines on these instruments blank, to be filled in by the Notary. The appellants testified that they signed only two instruments on June 18, which the evidence shows to have been the note and the lien contract. They further testified that they did not know when they signed the other instruments. They testified that the actual repair work on the house required about one and one-half days; that the men went to work one day and finished about noon the next day. Neither Ygnasio Gomez nor his wife offered any testimony that there was any material furnished or delivered or any work done before appellants went to the courthouse and signed the papers. The record also shows that the certificate of completion is not any part of the contract creating the debt or lien, but is a form of instrument required by the F.H.A., nevertheless, it is evidence from which it might be inferred that the work was completed, or at least begun, before the contract was signed and acknowledged. On the other hand, the "Contract for Labor and Materials and Trust Deed", which was signed and acknowledged by both appellants, contains the recital:

"Owners hereby acknowledge that this contract is being executed and delivered before any labor or materials for the erection and construction of said improvements have been furnished."

The contract was filed for record at 11:00 A.M. on June 18, 1955. Thus we have one instrument, signed by Crunk, dated June 18, 1955, stating that the work was completed, and another signed and acknowledged by appellants on June 18, 1955, stating that no work had been done or material furnished. The evidence does not show when, where or by whom the date line on the certificate was filled in. We think, from all the evidence in the case, the trial court's implied finding that no work was done or material furnished prior to the execution of the contract is authorized, particularly in view of the fact that appellants failed to substantiate their contention by their own testimony.

**200**

 Appellants point contending that the contract does not set forth the terms thereof must be overruled. The contract does set forth the general nature of the improvements to be made, the cost thereof, and the terms of repayment therefor. It is not necessary for the contract to contain a detailed, itemized statement of the work and materials to be furnished.

The expression in Article 5460, Vernon's Ann.Civ.Stats., requiring the contract to be in writing, etc., and "setting forth the terms thereof," has been construed many times by the Courts of this State, and it has been consistently held that such contract which recites the consideration, times of payment, rate of interest, and the purpose of the contract is sufficient, although containing no itemization or description of the material, since it could be shown by parol, the quantity and prices of the articles agreed upon, and that they were thereafter delivered. Hollums v. Glenn, Tex.Civ.App., 82 S.W.2d 731; Shaw v. American Life Ins. Co., Tex.Civ.App., 60 S.W.2d 1110; Turbeville v. Book, Tex.Civ.App., 226 S.W. 814; Lipscomb v. Adamson Lumber Co., Tex.Civ.App., 217 S.W. 228; Harrop v. Nat. Loan & Inv. Co., Tex.Civ.App., 204 S.W. 878.

Appellants contend that this is an illegal transaction because the agent of the contractor is alleged to have paid Ygnasio Gomez the sum of $120 to enter into the contract. Gomez testified that he needed $120 to pay off an indebtedness on his truck. An agreement was made and the man gave him the money to pay off his truck. That he actually received the money in cash, not a check, but he did not know what date or time he received the money. The agent did not testify because, according to the testimony of the contractor, he had several agents, and after the four years, from the alleged transaction to the trial, he did not know which agent handled the transaction. The contractor testified that he received the money on the note from appellee, and accounted for all the money received, and testified that none was paid to appellant, Gomez, out of the proceeds thereof.

 Thus an issue of fact is presented to the trier of facts, and we must presume that the trial court found against appellants on the issue. This he was authorized to do in view of the fact that the payment of the alleged sum is based on the uncorroborated testimony of Ygnasio Gomez. 17 Tex.Jur. 898, Evidence, § 405. Appellant's point is overruled.

Under the view we take of the case, we do not deem it necessary to determine whether or not appellee is an innocent purchaser of the note involved herein.

The judgment is affirmed.