Cruz G. BARRERA et al., Appellants,

v.

F. C. GONZALEZ, Appellee.

No. 3704.

Court of Civil Appeals of Texas.

Eastland.

May 18, 1962.

Rehearing Denied June 15, 1962.

Gerald Weatherly, Laredo, Arnulfo Guerra, Roma, H. P. Guerra, III, Rio Grande City, for appellants.

Glenn Ramey, A. J. Vale, Pope & Pope, Rio Grande City, for appellee.

WALTER, Justice.

F. C. Gonzalez filed a trespass to try title suit against Cruz G. Barrera, individually and as community survivor of the estate of Guadalupe E. Barrera, deceased, and David Barrera and Victor Barrera, their minor children. In a non jury trial Gonzalez recovered title and possession of two lots in Roma, Texas.

The defendants have appealed, contending the court erred in failing to render judgment for defendants because the purported deed from the Barreras to Gonzalez was in fact a mortgage of a married man's homestead and, therefore, void. They also contend the judgment is against the great weight and preponderance of the evidence.

This is the second appeal of this case. The San Antonio Court of Civil Appeals in the first appeal reversed and remanded the case because the judgment was against the great weight and preponderance of the evidence. 341 S.W.2d 703, (Writ Ref. N.R.E.).

On April 27, 1957, Barrera made, executed and delivered to Gonzalez his note for $1,030.00 payable in one month. On September 26, 1957, Gonzales signed a note with Barrera for $14,560 pesos, payable to a bank in Mexico. The Mexico bank note was due on January 10, 1958. Barrera committed suicide on that date. On November 26, 1957, Barrera and his wife made, executed and delivered to Gonzalez a deed to the property in controversy. The deed on its face purported to be an absolute conveyance. It recited a consideration of $10.00 and other valuable considerations and the assumption of the balance of the indebtedness on a materialmen's lien owing to G & G Lumber and Hardware Company. In the City of Abilene v. Malcolm M. Meek, Tex.Civ.App., 311 S.W.2d 654, (Writ Ref.), the court said:

"It is elementary that when the appellant contests the trial court's judgment without requesting findings of fact or conclusions of law, we must assume that the trial court's findings were all in support of its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law."

The basic contention of appellants is that the deed from the Barreras to Gonzalez was intended as a mortgage and was delivered to Gonzalez with the understanding that it was to be considered as a mortgage and not a deed.

The controlling question is with what intent did the Barreras execute and deliver the deed and with what intent did Gonzalez receive it.

The legal principle involved is correctly stated by Justice Pope in his opinion on the first appeal of this case wherein he said:

"A deed absolute on its face may be construed as a mortgage if the evidence, including parol evidence, shows that such was the intention of the parties. Wilbanks v. Wilbanks, [160] Tex. [317], 330 S.W.2d 607; Brad-

shaw v. McDonald, 147 Tex. 455, 216 S.W.2d 972; Kokernot v. Gilstrap, 143 Tex. 595, 187 S.W.2d 368; Parmenter v. Kellis, Tex.Civ.App., 153 S.W.2d 965. 'The criterion is the continued existence of a debt or liability between the parties, so that the conveyance is in reality intended as a security for the debt or indemnity against the liability.' 3 Pomeroy's Equity Jurisprudence, 4th Ed., § 1185; Parmenter v. Kellis, supra." Barrera v. Gonzalez, Tex.Civ.App., 341 S.W.2d 703, (Writ Ref. N.R.E.)

Hon. John A. Pope, Jr., a practicing attorney in Starr County testified substantially as follows: that he prepared the deed in controversy and that Guadalupe E. Barrera and Francisco C. Gonzalez came to his office to have the instrument drawn; that they explained to him that Barrera and his wife were going to convey the property to Gonzalez; that as part of the consideration for the conveyance, Ganzalez was to assume the indebtedness due the G & G Lumber and Hardware Company; that he took Guadalupe Barrera's acknowledgment to the deed; that the instrument was read to Barrera and that Barrera understood the terms of the instrument; that Barrera told him that he and his wife were selling the property to Gonzalez.

Gonzalez was called as a witness under the adverse party rule and testified when asked the question, "Now, these (referring to some notes) are still owing to you, are they not?" he answered "Well, not owing to me now, because he has already paid by this deed, warranty deed."

Guadalupe Barrera's widow testified on cross examination that she signed the warranty deed in question and the notary public explained it to her; that she signed the deed with full knowledge of the character of the instrument she was executing.

Alonzo Hinojose testified that Barrera told him he was selling the business to Gonzalez and needed a notary public to take his wife's acknowledgment. Maclovio L. Reyes testified that Barrera told him he had sold the service station to Gonzalez.

We hold the above constitutes some evidence of probative force to support the judgment.

 Additional evidence was introduced in this second trial. We have examined all the evidence and find that the judgment is not against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We have examined all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.