**H. H. FARHART, Appellant,**

v.

**W. Kenneth POPE et ux., Appellees.**

No. 4270.

Court of Civil Appeals of Texas.

Waco.

Nov. 19, 1964.

Rehearing Denied Dec. 10, 1964.

Geo. W. Eddy, Houston, for appellant.

Andrews, Kurth, Campbell & Jones, Homer E. Mabry, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal by plaintiff Farhart from a judgment for defendants, in a trespass to try title suit. Such suit was originally filed by Eliza Johnson on August 2, 1961, against W. Kenneth Pope and

wife, for title and possession to 6 acres of land in Harris County, Texas. Eliza Johnson died, and Farhart, grantee of the property in an unrecorded deed from Eliza Johnson, was substituted as plaintiff.

Plaintiff claimed title by reason of 10 years' adverse possession of the property by Jesse Johnson and wife, Eliza Johnson.

Defendant answered by plea of not guilty and general denial.

The evidence reflects that Jesse and Eliza Johnson moved onto the land in 1931, and lived on same until 1951. The record title holders of the land in 1931 were the heirs of J. J. Settegast. The Settegast heirs held record title until they conveyed the land on November 3, 1947 to Wyatt C. Hedrick. Hedrick conveyed to Sharp in 1949; Sharp conveyed to Moise and Bates in 1953; and Moise and Bates conveyed the property to defendants Pope in 1955.

There is evidence that Jesse and Eliza Johnson claimed the property as their own from 1931 to November 17, 1947. There is also evidence that during such period Jesse and Eliza Johnson occupied the land as tenants of the Settegasts. When the Settegasts sold the property to Hedrick on November 3, 1947, Hedrick's attorney examining the title made a requirement concerning tenants in possession. As a result, the following instrument was prepared, and signed and acknowledged by Jesse and Eliza Johnson on November 17, 1947.

"Tenancy Agreement
"State of Texas :
                         :
"County of Harris :

"WHEREAS, Jesse Johnson and wife, Eliza Johnson, have heretofore held, and are now holding possession of that certain 43.493 acres of land, part of A. C. Reynolds League, Harris County, Texas, more particularly described in deed from Leon Settegast et al to Wyatt C. Hedrick, dated November 4, 1947, of record in Vol. ——,

page —— of the Deed Records of Harris County, Texas, by virtue of tenancy agreement under the J. J. Settegast heirs, whereby Jesse Johnson and wife, Eliza Johnson, were, and are, obligated to deliver up possession thereof to the said Leon Settegast and others constituting the heirs of the late Mr. J. J. Settegast, Deceased, or their successors or assigns, upon demand;

"AND WHEREAS Wyatt C. Hedrick, by virue of said deed, has purchased said land and all right to possession thereof from said J. J. Settegast Heirs, and is entitled to said possession thereof free of all claim by the said Jesse Johnson and wife, Eliza Johnson, but whereas the said Wyatt C. Hedrick is willing to allow Jesse and Eliza Johnson to continue to use and live upon said land upon the terms and conditions set out:

"NOW THEREFORE I, Wyatt C. Hedrick, do hereby lease, demise and let said 43.493 acres of land unto said Jesse Johnson and wife, Eliza Johnson, for the term of one month, and thereafter from month to month, beginning with date hereof; * * *

"As consideration for the rights and privileges herein conferred upon us, we, said Jesse Johnson and wife, Eliza Johnson, do hereby attorn unto said Wyatt C. Hedrick and acknowledge that we hold possession of said land solely as his tenant and as tenant of no other person; and we agree to pay rent to said Wyatt C. Hedrick in the amount of One Dollar on each first day of every 12 month period hereafter during which we continue to hold possession of said land * * * *and for said same consideration, we, said Jesse Johnson and wife, Eliza Johnson, do hereby grant and quitclaim all right, title and interest in said land, subject only to our rights hereunder as tenants, unto said Wyatt C. Hedrick, his heirs and assigns for-*

*ever, free of all other claims by us.*
(Emphasis added).

"It is further agreed that said Jesse Johnson and wife shall have the use of the house and other residence improvements * * *; and that at termination of this agreement and possession hereunder said Jesse Johnson will, and he is hereby granted the right to remove such improvements from said premises * * *.

"IN TESTIMONY WHEREOF, witness our hands * * *

(S) Wyatt C. Hedrick, Lessor

(S) Jesse Johnson

(S) Eliza Johnson, Lessees."

(Here follows a statutory acknowledgment of Jesse Johnson, and a statutory acknowledgment of Eliza Johnson as a married woman; both made before a Notary Public. Such acknowledgments are dated November 17, 1947).

The 6 acres involved in the instant case are a part of the 43.493 acres above mentioned.

On May 21, 1949 Jesse and Eliza Johnson executed and acknowledged an affidavit of possession recognizing that ownership and possession of the property had been in the Settegast heirs and Hedrick for all of the past 20 years prior thereto; and on the same date Jesse and Eliza Johnson signed and acknowledged an instrument acknowledging tenancy and stated that they were familiar with an affidavit of Julius Grimes concerning the property, and that it was true and correct. Grimes' affidavit stated that the Johnsons' use and occupancy of the property had been as tenants of the Settegasts and of Hedrick.

In 1951 Jesse and Eliza Johnson moved from the property, purchased other property, and built a home on such other property, using materials taken from the property here in dispute. The Johnsons never paid any taxes on the property here in controversy, although after 1951 they paid taxes on the property they purchased.

Trial was to a jury which, in answer to one issue submitted, found that Jesse Johnson had adverse possession of the land in issue, for 10 years prior to November 17, 1947. Both parties made motions for judgment.

The Trial Court entered judgment for defendants. Plaintiff appeals, contending the Trial Court erred in entering judgment for defendants because:

1) The instrument labelled "Tenancy Agreement" dated 17 November 1947, is neither a conveyance nor a relinquishment of title.

2) Such instrument is void, for lack of description of the property, or of reference to any identifiable instrument containing a description of the property.

3) Such instrument is void because it related to the homestead and the Notary did not explain the instrument to Eliza Johnson, and ask her if it were her act and deed, and if she wished to retract it.

■ Plaintiff's first contention is that the Tenancy Agreement dated November 17, 1947 is neither a conveyance nor a relinquishment of title. In such instrument Jesse and Eliza Johnson "do hereby grant and quitclaim all right, title and interest in said land * * * unto said Wyatt C. Hedrick, his heirs and assigns forever * * *". Our Supreme Court in Lott v. Lott, 370 S.W.2d 463, in an analogous situation, holds such an instrument to be a quitclaim deed, and thus effective to convey any interest or title which the Johnsons may have had. Thus assuming, without deciding, that Jesse and Eliza Johnson had acquired a limitation title to the property prior to November 17, 1947, they conveyed that title to Hedrick on such date, by the instrument they executed.

Plaintiff's 2nd contention is that the "Tenancy Agreement" is void for a lack of description of the property, or the lack of a reference to another instrument containing a description. The instrument recites "that certain 43.493 acres of land, part of A. C. Reynolds League, Harris County, Texas, more particularly described in deed from Leon Settegast, et al to Wyatt C. Hedrick, dated November 4, 1947, of record in Vol. —— page ——, Deed Records of Harris County, Texas." Plaintiff contends that since there is no deed from Settegast to Hedrick dated *November 4, 1947,* the instrument is void for want of a proper reference. There is, however, a deed from Leon Settegast et al to Wyatt C. Hedrick dated *November 3, 1947* which describes the 43.493 acres of land by metes and bounds, and which was recorded on November 7, 1947 in the Deed Records of Harris County, Texas.

■■ It is the law that where the description specifies a property intended to be conveyed, and the instrument furnishes other means for determining the particular property, the description is legally sufficient. And if there is in the instrument containing the reference, enough to enable one by pursuing an inquiry based upon the information contained therein, to identify the particular property to the exclusion of all others, the reference and description are sufficient. Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380.

■ We think the reference here sufficient to enable one pursuing inquiry based on the information in the Tenancy Agreement to identify the property to the exclusion of all others.

■ Plaintiff's 3rd contention is that the Tenancy Agreement is void because the Notary did not explain the instrument to Eliza Johnson, and ask her if it were her act and deed, and if she wished to retract it. The Notary's certificate is valid and regular upon its face. Three witnesses testified concerning the taking of the ac-

knowledgment; Eliza Johnson, Mr. Allen, and Mrs. Cerney (the Notary). Eliza Johnson (80 years of age), testified that she did not remember signing any instrument in 1947, but that the signature looked like hers; that she signed some papers in 1949 but didn't get to read them. Mr. Allen, a real estate man who secured the Notary, and carried Jesse and Eliza Johnson to the Notary, testified that according to his best recollection (after 16 years), the acknowledgments were taken in his car; and that Jesse Johnson got out of the car while the Notary took Eliza's acknowledgment. Mrs. Cerney, the Notary, testified that she could be sure of nothing after 16 years, except that she did the Notary work; that she did not recall if the acknowledgments were taken in the car, at the house, or at the church, but thinks they were taken in the car; that she did not read or explain the instrument to the Johnsons, but asked them if Mr. Allen had explained it to them, and they said "Yes"; that she saw the Johnsons sign the instrument; and that she believes one was asked to get out of the car while the other signed.

We do not believe that the foregoing constitutes an impeachment of the Notary's certificate, which is regular on its face, as a matter of law. The record reflects, that while the Notary did not explain the instrument to Eliza, that Mr. Allen did; and is silent as to whether the Notary asked Eliza if it were her act and deed, and if she wished to retract it. Ward v. Weaver, Tex.Com.App., 34 S.W.2d 1093; Tompkins v. American Republics Corp., Tex.Civ.App. (n. w. h.) 248 S.W.2d 1001; Gomez v. Riddle, Tex.Civ.App. (n. w. h.) 334 S.W.2d 197; Barrera v. Gonzalez, Tex.Civ.App. (n. r. e.) 341 S.W.2d 703.

The record at most makes for a fact issue as to whether the Notary failed to do her duty, and the burden of requesting such issue was on plaintiff.

Plaintiff's contentions are overruled, and the judgment is affirmed.