W. O. MILLS et al., Appellants,

v.

C. E. SNYDER et al., Appellees.

No. 4316.

Court of Civil Appeals of Texas.

Waco.

Feb. 18, 1965.

Rehearing Denied March 11, 1965.

Jackson & Jackson, Crystal City, for appellant.

B. R. Reeves, Palestine, for appellee.

WILSON, Justice.

Appellant as judgment creditor sought to have a deed to appellee, executed by the judgment debtor and recorded before appellant's abstract of judgment, declared void; and to establish and foreclose its judgment lien on the property conveyed. The trial court rendered a summary take-nothing judgment. We affirm.

Appellant's position is that the deed was not subject to recordation because the notary's certificate recites the acknowledgment was taken by a notary public of Freestone County, whereas the seal impressed is that of a Houston County notary. The certificate begins: "The State of Texas, County of Freestone. Before me, the undersigned authority", etc., and is signed: "Hollis Beall, Notary Public, Freestone County, Texas." A Houston County notary seal is affixed. The affidavit of the County Clerk of Freestone County states the person who signed the certificate is not shown by the records of his office to be a Freestone County notary public. Appellee's affidavit, however, asserts the deed was acknowledged "before Hollis Beall, a Notary Public in and for Houston County, Texas."

Under the evidence properly in the record under Rule 166-A(c), Texas Rules of Civil Procedure, the trial court properly rendered summary judgment, in our opinion, for the following reasons:

Although it was movant's burden to show there was no genuine issue of material fact, the burden of proof was upon appellant, attacking the authority of the officer or person making the certificate, to show he was not authorized to take the acknowledgment. Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 164 S.W.2d 488, 493; Tilley v. Kangerga, Tex.Civ.App., 83 S.W. 2d 787, 792, writ refused; Gomez v. Riddle, Tex.Civ.App., 334 S.W.2d 197, 199. Appellant did not allege the person signing the certificate was not a qualified notary public for Houston County, and there is no suggestion in the record he was not.

It has been held to be presumed that the county clerk before recording the deed, under the provisions of Arts. 1941, 6591 and 6595, Vernon's Ann.Civ.St., ascertained the person taking the acknowledgment was an authorized officer. Tate v. Johnson, Tex.Civ.App., 140 S.W.2d 288, 292, writ dism. c. j.; Caudle v. Williams, Tex.Civ.App., 51 S.W. 560, 562; Broussard v. Dull, 3 Tex.Civ.App. 59, 21 S.W. 937, 940. The showing in appellees' affidavit that the person making the certificate and taking the acknowledgment was a notary public in and for Houston County is not controverted, and he discharged the movant's burden under Rule 166-A of establishing this was not an issuable fact.

Art. 6603, V.A.C.S. provides the officer taking an acknowledgment shall make a certificate thereof and "sign and seal the same with his seal of office." Art. 5960 prescribes the form of the notary's seal on which shall be engraved "the name of the county for which the officer is appointed," and with which he is required to authenticate all his official acts. Art. 6606 requires him to sign the certificate which shall be substantially in the form prescribed by Arts. 6607 and 6608, and directs that it be "given under his seal of office."

Although the statutes of Texas do not expressly require that a notary public formally designate the county in which he

is commissioned following or as an adjunct to his signature (see McDonald v. Morgan, 27 Tex. 503), they do require that official notarial acts be authenticated by his seal. It is presumed in the absence of evidence to the contrary that the notary public taking the acknowledgment performed his duty in compliance with law as to the use of the seal. Belbaze v. Ratto, 69 Tex. 636, 7 S.W. 501; Anderson v. Polk, 117 Tex. 73, 297 S.W. 219; Howard v. Perry, 7 Tex. 259; Gomez v. Riddle, Tex.Civ.App., 334 S.W.2d 197, 199.

Alexander v. Houghton, 86 Tex. 702, 26 S.W. 937 is determinative against appellant's contention. There the caption of the notary's certificate was "The State of Texas, Runnels County." The body of the certificate recited the person signing as notary was "a notary public in and for said county". The signature was followed by "Notary Public, Bexar County, Texas." A seal with the words "Bexar County" was presumed, the Court said, to be affixed, since the statute prescribed its use. The Supreme Court applied the rules that a document will be construed so as to be given effect if this can consistently be done, and that "all official acts are presumed to have been performed within the limits of such officers' jurisdiction, if it be limited." The Court noted the common practice in preparation of deed forms of advance filling of blanks for county names in certificates of acknowledgment which "are sent to other counties to be acknowledged by the grantors". If the officer in the latter county should fail to change the name of the county, it was said, "Such conflict as appears in this case is inevitable." A "common sense solution" of the matter was held to be that the notary failed to change the name of the county. The acknowledgment was held sufficient to admit the deed to record.

■ The Houston County notary seal affixed to the deed is sufficient to show that the person signing the certificate as a notary public is such officer for Houston County so as to authorize recordation of the deed under Arts. 6627 and 6646, V.A.C.S. See Stephens v. Mott, 81 Tex. 115, 16 S.W. 731, 732; Chamberlain v. Pybas, 81 Tex. 511, 17 S.W. 50, 51; Linskie v. Kerr, Tex. Civ.App., 34 S.W. 765, 766; Lake v. Earnest, 53 Tex.Civ.App. 555, 116 S.W. 865, 867, writ ref.; Texas Osage, etc. v. James, Tex.Civ.App., 129 S.W.2d 327, 328; Blythe v. Houston, 46 Tex. 65, 79. See, generally, 25 A.L.R.2d 1122; 1 Am.Jur.2d, Sec. 46, p. 478.

It is unnecessary to rule on other points.

Affirmed.