## R. A. WILBANKS ET AL V. WILLIAM A. WILBANKS.

No. A-7368. Decided January 6, 1960.
(330 S.W. 2d Series 607)

*James P. Linn,* of Spearman, *Moore & Moore, James Moore* and *Albert Smith,* all of Lubbock, and *Sanders, Scott, Saunders, Brian & Humphrey,* of Amarillo, for petitioners.

The Court of Civil Appeals erred in holding that there was

no evidence to support the finding of the jury that the instrument in question was intended to be a mortgage. Williams v. Young, 257 S.W. 2d 842; Smith v. Rozell, 282 S.W. 2d 122; Loeffler v. King, 149 Texas 626, 236 S.W. 2d 772.

*Burks & O'Conner* and *Burton S. Burks*, of Lubbock, for respondent. Cited Griswold v. Citizens Natl. Bank, 285 S.W. 2d 791; Tates v. Caswell, 169 S.W. 1104; Byrd-Frost, Inc. v. Elder, 92 S.W. 2d 1134.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is a controversy between the heirs of E. R. Wilbanks, deceased. The petitioners, who were plaintiffs below, are two of E. R. Wilbanks' sons, the widow of a deceased son, and several grandchildren. Respondent, who was defendant below, is the other surviving son of E. R. Wilbanks. The relief sought by the petitioners was a determination that a deed from E. R. Wilbanks to respondent, William A. Wilbanks, conveying a mineral interest under 480 acres of land in Hansford County, was intended by the parties thereto as a mortgage only, given to secure an indebtedness of Gilbert Wilbanks, one of the petitioners, to the respondent, and that the debt so secured had been paid and satisfied in full. Other relief sought need not be considered. Respondent claims that the deed was executed by his father as an outright payment of Gilbert's indebtedness to him, as a consequence of which the petitioners have no interest in the minerals.

The case was submitted to a jury on a single special issue, in answer to which the jury found that the deed was intended as a mortgage, and based thereon, judgment was rendered awarding the petitioners the relief sought. On appeal, the Court of Civil Appeals first reversed and remanded the case, holding that the evidence would not support the jury's finding. Then, on motion for rehearing, it reversed the trial court's judgment and rendered judgment in favor of respondent, holding that there was no evidence to support that finding. 323 S.W. 2d 179.

1 Before considering the evidence to determine whether or not it raised an issue of fact for the jury, we shall dispose of respondent's contention that a deed absolute on its face may not be declared a mortgage if the debt secured by it is that of a person other than the grantor. We have been cited no cases and have discovered none which to our minds support that conten-

tion. It is well settled that a mortgage may be given to secure the debt of a third person, 36 Amer. Jur., Mortgages, Sec. 61, and it is equally well settled that a deed absolute on its face may be shown by parol evidence to have been intended as a mortgage given to secure a debt owing to the grantee by the grantor. Bradshaw v. McDonald, 147 Texas 455, 216 S.W. 2d 972. Had the instrument under review here been in the form of a mortgage, its validity could not be questioned. If it can be shown by parol evidence to have been intended as a mortgage, it must be given the same effect as if it were a mortgage in form.

**2** Turning to the holding of the Court of Civil Appeals that there was no evidence to support the finding of the jury that the deed of E. R. Wilbanks to respondent was intended as a mortgage, it is necessary to determine whether, when viewed in the light most favorable to petitioners, the record discloses some evidence in support of that finding.

In March, 1950, one of the petitioners, Gilbert Wilbanks, became involved in financial difficulties in Fort Stockton, Texas, and was arrested and lodged in jail. He called respondent, William A. Wilbanks, to ask his aid in getting out of jail. Respondent testified that he advised their father of this fact and told him that he had helped Gilbert out of other financial difficulties recently, to his loss, and that he did not care to spend any more money on him. He further testified that their father told him that if he would assist Gilbert on this occasion he would see that respondent did not lose anything thereby. Respondent then secured Gilbert's release from jail, and Gilbert executed a note payable to him for $1,500.00, which amount included respondent's expenses incurred in securing Gilbert's release, and some prior obligations of Gilbert to him. Shortly after the execution of the note, the deed here in question was executed.

That testimony concerns a transaction between him and the deceased, and would not be admissible over objection under Article 3716, Vernon's Ann. Civ. Stat. But the record before us discloses that petitioners waived the statute as a basis of objection. Respondent testified in regard to this matter upon the trial without objection, and was cross-examined with respect to such testimony by petitioners' attorney. Moreover, petitioners' attorney questioned respondent regarding this transaction in the taking of a deposition, portions of which he introduced upon the trial. Failure to object waived the disqualification of Article 3716. Collins v. Smith, 142 Texas 36, 175 S.W. 2d 407.

At the time Gilbert executed the note to respondent, he and respondent entered into a written agreement as follows:

"I, G. C. Wilbanks, agree to crate and ship one 10 ft. G. E. Electric refrigerator to Wm. A. Wilbanks by motor freight on or before 10 days from date of this agreement. I understand that Wm. A. Wilbanks shall upon receipt of same credit my note for $1500 given this date to Wm. A. Wilbanks with the amount of $300. for same.

"In the event that such refrigerator aforesaid mentioned is not sent within the 10 days specified that the $1500. shall immediately become due and payable.

"Agreed to this 4th day of March 1950, A.D."

Respondent acknowledged receipt of the refrigerator when examined with respect thereto at the trial. Further, a letter from respondent to Gilbert, discussing the difficulty in which the latter had become involved and written on the day that the deed was executed, makes no mention of the deed, but reference was made therein to the above-quoted agreement.

**3** There is also evidence that none of the other brothers knew of the note at the time it was executed, and neither they nor Gilbert knew of respondent's claim that their father had paid Gilbert's debt to him until after their father's death. Finally, testimony of other landowners in the area in which this land was located indicates that had this conveyance been made in outright payment of the debt, there would have been great disparity between the value of the minerals and the amount of the debt.

There is much inconsistency in the testimony and it is difficult to form a definite conclusion regarding it. As pointed out in the opinion of the Court of Civil Appeals, "* * * neither of the three brothers were completely consistent in their testimony given by deposition with that given orally on the witness stand."

In our view, it is the province of the jury to weigh this inconsistent testimony. The jury might well consider what reason there was for executing a note if the obligations of Gilbert to respondent were to be paid by an absolute deed from his father. Considering the evidence in the light most favorable to petitioners, we are unwilling to hold, as a matter of law, that there

was no basis for the finding of the jury that this deed was intended as a mortgage.

4 One problem remains. If there was some evidence to support the finding of the jury that the deed was intended as a mortgage, the decision of the Court of Civil Appeals must be reversed. Had respondent, who was appellant in the Court of Civil Appeals, assigned as error in his brief to that Court that the verdict of the jury was against the great weight and preponderance of the evidence, it would be proper to regard the "no evidence" holding of the Court of Civil Appeals as including a finding of insufficient evidence, and the cause would be remanded to the trial court for further proceedings. Barker v. Coastal Builders, 153 Texas 540, 271 S.W. 2d 798; Bowman v. Puckett, 144 Texas 125, 188 S.W. 2d 571. However, respondent made no such assignment in his brief to the Court of Civil Appeals; therefore, if the decision of that Court must be reversed, that of the trial court should be affirmed. McWilliams v. Muse, 157 Texas 109, 300 S.W. 2d 643; Gifford v. Fort Worth & D. C. Ry. Co., 151 Texas 282, 249 S.W. 2d 190; Liberty Film Lines v. Porter, 136 Texas 49, 146 S.W. 2d 982.

Judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered January 6, 1960.