Leonard **HOLMES** et al., Appellants,

v.

Max Edward **McMICHAEL** et ux.,
Appellees.

No. 7861.

Court of Civil Appeals of Texas.

Texarkana.

April 9, 1968.

Buck Florence, Hughes Springs, Joe W. Lovelace, Linden, attorney for Morris County National Bank, for appellants.

Connor W. Patman, Texarkana, for appellees.

CHADICK, Chief Justice.

In a nonjury trial the Fifth District Court of Cass County rendered judgment that plaintiffs, Max Edward McMichael and wife, Fannie Lou McMichael, recover the possession and title to a 170 acre tract of land in Cass County from defendant, Leonard Holmes. The judgment of the trial court is affirmed.

█ Given its most favorable construction in support of the judgment rendered— as an appellate court is required to do in an appeal of this character, see 4 Tex. Jur.2d Appeal and Error—Civil Sec. 808, 1959—the evidence in the record may be understood to show the facts next set out. The McMichael appellees entered into an agreement with the appellant, Leonard Holmes, to borrow $5,000.00 from Holmes and deed the land in suit to Holmes as security for the payment of the debt, with the understanding that the land would be reconveyed by Holmes to the McMichaels when the debt was paid. Pursuant to the agreement the McMichaels conveyed the land to Holmes by General Warranty Deed, dated December 6, 1966, which by its terms vested the land's fee simple title in Holmes. Shortly thereafter, Holmes borrowed $5,500.00 from the Morris County National Bank of Naples, Texas, conveyed the land to a Trustee as security for the repayment of the bank loan and delivered $5,000.00 to the McMichaels. On being apprised by the McMichaels that they desired to pay their indebtedness to him, Holmes denied that he agreed to reconvey the land to the McMichaels, and refused to do so.

In essence and effect, Max Edward McMichael and wife's trial pleadings stated an action for title and possession of land,

though not in the statutory trespass to try title form of Tex.Rev.Civ.Stat. art. 6258, Tex.R.Civ.P. Rule 782, and specially plead for cancellation of the Warranty Deed heretofore mentioned and for reformation of the contractual arrangement actually made to coincide with contractual agreement outlined above. The defendant Leonard Holmes in his trial court pleading lodged no special exceptions to the plaintiffs' pleadings, and answered to the merit with a general denial and plea of not guilty. Though redundant, for clarity it is mentioned that the answer specially plead neither illegality, the Statute of Frauds, estoppel, nor any matter constituting an avoidance or affirmative defense.

The points of error in appellant Holmes' brief charge that the judgment rendered could have been reached only by violating the provisions of Tex.Rev.Civ.Stat.Ann. art. 3995 (1966) Statute of Frauds, and Tex.Rev.Civ.Stat.Ann. art. 7425b–7 (1960) Texas Trust Act, and overriding an estoppel created by the deed of December 6, 1966, from the McMichaels to Holmes that precluded the McMichaels from claiming title to the land, as well as complaining that the trial judge's finding that the land was a part of the McMichaels' homestead is contrary to the great weight and preponderance of the evidence and has no proof to support it.

█ The condition of the record, no request having been made for findings of fact and conclusions of law and no such findings and conclusions having been filed, permits the judgment of the trial court to be sustained if such action appears proper under any theory of the case. 3 Tex.Jur. 2d Appeal and Error—Civil Sec. 438, (1939). It is a rule of long standing in Texas that a deed, absolute and unconditional on its face, may be shown by parol evidence to be a mortgage or a part of a mortgage agreement. Bradshaw v. McDonald, 147 Tex. 455, 216 S.W.2d 972 (1949); Wilbanks v. Wilbanks, 160 Tex. 317, 330 S.W.2d 607 (1960); Thigpen v. Locke, 363 S.W.2d 247 (Tex. 1963). The

judgment rendered is proper and correct on the basis that the trial judge found that the deed from the McMichaels to Holmes was a part of an agreed mortgage arrangement and was not intended by the parties to absolutely vest fee simple title to the land in Holmes. In conformity with the District Court's equity powers the trial court decreed that the McMichaels recover title and possession of the land from Holmes, burdened, in accordance with a stipulation of the parties, with a valid first lien securing payment to the bank of $5,500.00, the indebtedness created in the course of the mortgage transaction.

The court having rendered a judgment sustainable upon a theory supported by pleadings and evidence and not questioned by any of appellants' points of error, this court has no alternative to affirmance and it is so ordered.