Edmundo CONTRERAS et al.,
Appellants;

v.

Gabina CONTRERAS et al., Appellees.

No. 1255.

Court of Civil Appeals of Texas,
Tyler.

Nov. 1, 1979.

Jesse Carrillo, Carrillo & Hickok, Austin, for appellants.

O. T. Moore, Jr., Blundell & Moore, Lockhart, for appellees.

SUMMERS, Chief Justice.

This is an appeal from a take nothing judgment rendered on February 24, 1978, against the appellants, heirs of Matias Contreras by a first marriage, in a partition suit filed against the appellees, Gabina Contreras and her children, who are heirs of Matias Contreras by his second marriage.

Matias Contreras was first married to Elvia Contreras, and of this marriage four children, the appellants herein, were born. This marriage ended in divorce. Subsequently in 1963, Matias Contreras married appellee Gabina Contreras, and two children were born of this union. Matias Contreras died intestate on October 8, 1970, in Caldwell County, Texas.

The controversy in this case involves three tracts of land, one tract being the residence of appellee Gabina Contreras and the deceased, the other two concerning a tavern and adjacent lot. On May 13, 1977,

a final hearing on the merits of the case was held before the court without a jury which resulted in a judgment dated February 24, 1978. The trial court ruled that all three tracts of land be awarded to appellee Gabina Contreras individually and as next friend of the two minor children born of the marriage of Matias Contreras and Gabina Contreras, and that the appellants take nothing. It is from this judgment that appellants have appealed. We affirm in part and reverse and render in part.

Appellants' appeal is predicated upon two points of error alleging the trial court erred in holding the appellants take nothing because (1) the third tract of land known as 1004 N. Blanco Street, Lockhart, Caldwell County, Texas, was the community property of the deceased Matias Contreras and appellee Gabina Contreras, and that appellee failed to show such property had been paid for with her separate funds, and (2) the first and second tracts of land (tavern and adjacent lot), deeded to Gabina Contreras from Pedro Partida on September 25, 1967, was a void conveyance because the deed was intended as a loan of collateral to assist in obtaining a mortgage loan, was not intended as a transfer of ownership, and therefore was not an effective conveyance to pass title.

█ We shall address appellants' point of error No. 1 first. Under it, appellant claims the house located on 1004 N. Blanco is community property and not the separate property of appellee Gabina Contreras. Article XVI, Section 15 of the Texas Constitution, defines the wife's separate property as that owned or claimed by her before marriage and that acquired afterward by gift, devise or descent. Thus, all property acquired during marriage belongs to the community, excepting property acquired by gift, devise or descent. *Herring v. Blakeley*, 385 S.W.2d 843 (Tex. 1965); *Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565 (1961). The property acquired takes its status as separate or community at the very time of its acquisition. *Smith v. Buss*, 135 Tex. 566, 144 S.W.2d 529 (1940); *Dorfman v. Dorfman*, 457 S.W.2d 91, 95 (Tex.Civ.App.—Waco 1970, no writ).

Gabina Contreras testified that she and her husband, Matias Contreras, moved into the house in 1966 and paid $30.00 per month toward the purchase of the house and lot to the Lockhart Savings & Loan Association. It is undisputed that the couple was married at the time they moved into the house in 1966. Mrs. Contreras further testified that after her husband died in 1970, she went to the savings and loan association and paid off the rest of the note. A deed in the record dated January 14, 1971, from W. D. Sipes, et ux., to appellee, Gabina Contreras, purports to convey such property to Mrs. Contreras, reciting as part of the consideration her assumption and agreement to pay the unpaid balance on the note held by Lockhart Savings & Loan Association described in Deed of Trust dated May 6, 1966, from W. D. Sipes to W. P. Clark, Trustee. Mrs. Contreras claims the lot as her separate property under such deed. We disagree.

█ The facts that determine the status of the property may be proven as any other fact by any competent evidence, including parol evidence, surrounding circumstances and declarations of the parties. *Orr v. Pope*, 400 S.W.2d 614, 618 (Tex.Civ.App.—Amarillo 1966, no writ); *Edsall v. Edsall*, 240 S.W.2d 424, 426 (Tex.Civ.App.—Eastland 1951, no writ). By appellee's own testimony, it was established at trial that Gabina and Matias Contreras were married when they moved onto the lot in question, they were buying and not renting the premises by paying $30.00 per month, and such payments were community in nature, coming from the income of both Matias and Gabina Contreras.

██ It is well established in Texas law that where a community obligation for the purchase of land is given to purchase such land and its status thereby fixed as community property, its status is not later changed into separate property by the fact that the community debt is later paid with separate funds. *Gleich v. Bongio*, 128 Tex. 606, 99 S.W.2d 881, 883 (1937); *Bradley v. Bradley*, 540 S.W.2d 504, 512 (Tex.Civ.App.—Fort

Worth 1976, no writ). Thus, the presumption is that at the dissolution of marriage, all property on hand is community property, and such presumption can only be overcome by clear and convincing proof offered by the party claiming the property as separate, *Tarver v. Tarver*, 394 S.W.2d 780, 783 (Tex. 1965); *In Matter of Marriage of Tandy*, 532 S.W.2d 714, 717 (Tex.Civ.App.—Amarillo 1976, no writ); *Duncan v. Duncan*, 374 S.W.2d 800, 802 (Tex.Civ.App.—Eastland 1964, no writ), by tracing and identifying the property so claimed. *Meshwert v. Meshwert*, 543 S.W.2d 877, 879 (Tex.Civ. App.—Beaumont 1976) affirmed 549 S.W.2d 383 (Tex. 1977); *Bilek v. Tupa*, 549 S.W.2d 217, 220 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Any doubt as to the character of the property must be resolved in favor of the community. *Vickerstaff v. Vickerstaff*, 392 S.W.2d 559, 563 (Tex.Civ. App.—El Paso 1965, no writ); 1 Speer's Marital Rights in Texas, sec. 393 (4th Ed. 1961).

■ Appellee testified that she did not know how much of the purchase price of the lot she paid after her husband died. We are of the opinion that appellee Gabina Contreras did not satisfactorily rebut the community property presumption; thus such presumption prevails, and the lot located at 1004 N. Blanco in Lockhart, Caldwell County, Texas, is the community property of the deceased, Matias Contreras, and his widow appellee, Gabina Contreras.

Appellants, by their second point of error, complain the trial court erred in upholding a deed from Pedro Partida, a friend of the Contreras family, to Gabina Contreras because the deed was intended as a loan of collateral, not as a transfer of ownership. We disagree with appellants' contentions.

■ Where, as here, there is a suit to establish the fact that property, purchased during coverture, was of a character other than that recited or that consideration came from a source other than that stated, parol evidence will be allowed, and such evidence will not be required to have the support of a pleading alleging fraud or mistake. *Hodge v. Ellis*, 268 S.W.2d 275, 285 (Tex.

Civ.App.—Fort Worth 1954), affirmed in part and reversed in part 154 Tex. 341, 277 S.W.2d 900 (1955). Parol evidence is also allowed when one of the parties is contending that the intention of the parties was to the effect that the deed, absolute on its face should nevertheless be construed as a mortgage. *Wilbanks v. Wilbanks*, 160 Tex. 317, 330 S.W.2d 607, 608 (1960); *Barrera v. Gonzalez*, 341 S.W.2d 703, 704 (Tex.Civ.App.— San Antonio 1960, writ ref'd n.r.e.).

■ The record reflects the fact that inconsistent testimony was given by appellee Gabina Contreras. From what can be ascertained from the record, the testimony is as follows: Gabina Contreras was called to testify by the appellants as an adverse witness. She testified the two tracts in question at one time were owned jointly by Pedro and Leandro Partida. Neither of said brothers had any children. Leandro was married one time, but his wife died prior to his death which occurred in 1967. Since Pedro did not have the money to bury his brother, he deeded the property to Gabina Contreras so she could use the deed as collateral to pay the funeral expenses for Leandro, which amounted to approximately $500.00. Mrs. Contreras further testified that the only reason she got the land was to use it as collateral to get the loan, and it was by Pedro's request that Mrs. Contreras' name be on the deed. Although Mrs. Contreras and Pedro never had any discussions about her buying the land or him selling the property, such discussions were had between Pedro and Matias Contreras, the deceased husband of Gabina.

On direct examination, Mrs. Contreras testified that when Leandro died he left his share in the property to Pedro. When asked why Pedro would deed the property to her, Mrs. Contreras answered that both brothers, at one time or another, had lived with the Contreras family, sharing their home and were taken care of while living there. Mrs. Contreras further stated that Pedro knew that Leandro's burial was paid for, and that when he died, Mrs. Contreras would pay his burial expenses and any costs of last illness or any other debts he might

have. In addition, O. T. Moore, Jr., counsel for Gabina Contreras, was allowed to testify as to the circumstances at the time the deed was drawn as he was the attorney who prepared the deed at Pedro Partida's request. Mr. Moore testified that Pedro came into his office and asked him to draw up a deed of the two tracts of land to Mrs. Contreras as her separate property and estate. Mr. Moore further testified such was done, and that he had represented the Partida brothers for years. Pedro subsequently died in 1970.

It is our opinion that such testimony, along with the deed that has been admitted into evidence, supports the conclusion that the document in question was in fact a valid deed, did transfer ownership, and was an effective conveyance to pass title.

■ Having concluded the instrument was in fact a deed, we note that the first rule of construction of a deed is that the intention of the parties be ascertained and given effect. This primary rule of construction must be modified with the restriction that it is not the intention which the parties may have had but failed to express in the instrument, but it is the intention which by said instrument they did express. *Canter v. Lindsey*, 575 S.W.2d 331, 334 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r. e.); *Davis v. Andrews*, 361 S.W.2d 419, 423 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r. e.). The evidence outlined above demonstrates the intentions of the parties, and such intentions were transcribed in unambiguous terms into the deed, and as such must be followed. We sustain appellee's contention that the tracts of land described in the deed from Pedro Partida to Gabina Contreras were her separate property, and appellants' second point of error is overruled.

As far as Matias Contreras' interest in the tracts of land conveyed in the deed is concerned, we feel that he, acting as the independent executor for Leandro Contreras, signing the deed that conveyed the tracts in question to his wife as her separate property and estate, had knowledge of such deed. Although it cannot be said Mr.

Contreras was a true party to the transaction, such knowledge prevents the presumption in favor of the separate estate of the wife to be overcome, where the deed of acquisition recites either that the land was conveyed to her as her separate property, or that the consideration is from her separate estate. *Hodge v. Ellis,* supra at 904. As stated in 1 Speer's Marital Rights in Texas, sec. 153 (4th Ed. 1961): "The act of the spouses in taking a conveyance of property in the name of the wife, limiting the title to her separate use, unmistakably evidences an intention that the same shall belong to her separate estate." See also *Messer v. Johnson,* 422 S.W.2d 908, 912 (Tex. 1968).

■ If it could be shown that the other spouse, here Matias Contreras, or the community expended funds in repayment of the separate debt, those estates might be entitled to reimbursement for such funds expended, but appellant does not urge this in any point of error concerning these two tracts. Points of error constitute an indispensable part of a brief on appeal and an alleged error not contained in any point of error should not be considered. *City of Sulphur Springs v. Steed,* 562 S.W.2d 906, 909 (Tex.Civ.App.—Tyler 1978, no writ); *Roper v. Jeoffroy Mfg., Inc.,* 535 S.W.2d 706, 708 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.); *Wagley v. Fambrough,* 163 S.W.2d 1072, 1073–74 (Tex.Civ.App.—Eastland 1942), affirmed 140 Tex. 577, 169 S.W.2d 478 (1943); Rule 418, Tex.R.Civ.P.

Furthermore, the deed from Pedro Partida to Gabina Contreras, even if declared void as contended by appellants, would not give rise to any property right in favor of the children of Matias Contreras, since there was no evidence in the record showing any ownership to said property in Matias Contreras by inheritance or otherwise from the Partida brothers.

In summary, we reverse that part of the judgment awarding appellee the tract of land located at 1004 N. Blanco Street, Lockhart, Caldwell County, Texas, as her separate property and hold it was the community property of Matias and Gabina Contreras, and as such, each of the six (6) children

surviving Matias Contreras has a ½ undivided interest in said tract, subject to Gabina Contreras' homestead rights in the property. With regard to that part of the judgment concerning the other two tracts of land contained in the deed from Pedro Partida to Gabina Contreras, we affirm the judgment of the trial court.

Affirmed in part and reversed and rendered in part.