**ISLAND RECREATIONAL DEVELOPMENT CORPORATION, et al., Petitioners,**

v.

**REPUBLIC OF TEXAS SAVINGS ASSOCIATION, et al., Respondents.**

No. C–3762.

Supreme Court of Texas.

May 7, 1986.

Rehearing Denied June 25, 1986.

Robert M. Hardy, Jr., Butler & Binion, Houston, Jon B. Burmeister, Moore, Landrey, Garth & Jones, Beaumont, for petitioners.

Carrin F. Patman, Bracewell & Patterson, Houston, Roger S. McCabe, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Brian R. Davis, Davis DeShazo & Gill, Austin, for respondents.

## ON MOTION FOR REHEARING

WALLACE, Justice.

We grant the motion for rehearing, withdraw the opinion and judgment of July 3, 1985, and substitute this opinion.

Island Recreational Development Corporation and Sea Cabins, Inc. (Island) sued Republic Bank of Texas Savings Association and Bankers Capital Corporation (Republic) for breach of contract in failing to comply with its obligations under a loan commitment letter. The trial court rendered judgment for Island for $667,882.87 in actual damages and $52,500 in attorneys' fees. The court of appeals reversed the judgment of the trial court and rendered judgment for Republic. 680 S.W.2d 588. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Island paid $40,000 for a loan commitment letter under which Republic was to fund mortgages to qualified purchasers of Sea Cabins Condominiums at 13⅝ percent interest. The commitment letter was to expire on March 15, 1981. In August, Island paid an additional $20,000 to have the expiration date extended until September 15, 1981. The interest rate was also raised to 13⅞ percent. The commitment letter provided in part:

> Bankers Capital Corporation shall agree to make first mortgage loans under this commitment based on the following terms and conditions:

> . . . .

> 15. *Transfer of Commitment*

> This commitment is nontransferable or assignable to any other individual, corporation or entity unless specifically approved in writing by Bankers Capital Corporation.

> . . . .

> 17. *Commitment Term*

> This commitment shall remain in effect until March 15, 1981. Applications for loans must be received at least 30 days prior to this date and closings and fundings of the loans must be completed prior to March 15, 1981.

On September 14, 1981, Michael J. Ryan, President of Island, wrote Richard S. Waring, Senior Vice-President of Republic, that the provisions of the commitment contract had been met. Ryan demanded that Republic honor its mortgage commitment. Waring responded that the terms and conditions were not satisfied and denied any obligation to fund the loans. Waring alleged that the construction was not completed by the deadline. He also asserted, "paragraph 17 requires that loan applications were to have been received at least 30 days prior to September 15, 1981. This requirement was not met."

Island contends Republic waived its right to demand strict compliance with the condition, or was estopped to deny its obligation to perform. The trial record reflects that both parties, the court and the jury were aware that waiver was an important element in the trial.

Both Island and Republic requested the trial court to submit issues that included waiver. The trial court rejected the re-

quested issues of both parties and submitted a broad issue which asked:

> Do you find from a preponderance of the evidence that plaintiffs performed their obligations under the commitment letter in question?

ANSWER: "We do."

The trial court submitted no instructions with the above issue and neither party objected to the charge on this ground. However, when the totality of the trial proceedings are considered it is apparent that waiver of Paragraph 17 of the letter of commitment was considered by the jury and found adversely to Republic.

■ We recognize that waiver is an independent ground of recovery or defense and must be pleaded and proved as such. That is not the question before us. Our question is whether it is reversible error for a trial judge to submit a single broad issue encompassing more than one independent ground of recovery.

■ Rule 277 of the Texas Rules of Civil Procedure specifically states that:

> It shall be discretionary with the court whether to submit separate questions with respect to each element of a case *or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements or issues.* Inferential rebuttal issues shall not be submitted. (emphasis added).

In *Lemos v. Montez,* 680 S.W.2d 798, 801 (Tex.1984), we reemphasized our approval of broad issue submission. We stated:

> In 1973, after sixty years, it became apparent that Texas courts ... had substituted in the place of instructions, a jury system that was overloaded with granulated issues to the point that jury trials were again ineffective. The Supreme Court in 1973 amended Rule 277, Tex.R.Civ.P., by abolishing the requirement that issues be submitted distinctly and separately. *Since that time, broad issues have been repeatedly approved by this court as the correct method for jury submission.*

> This court's approval and adoption of the broad issue submission was not a signal to devise new or different instructions and definitions. We have learned from history that the growth and proliferation of both instructions and issues come one sentence at a time. For every thrust by the plaintiff for an instruction or an issue, there comes a parry by the defendant. Once begun, the instructive aids and balancing issues multiply. Judicial history teaches that broad issues and accepted definitions suffice *and that a workable jury system demands strict adherence to simplicity in jury charges.* (emphasis added)

The *Lemos* case, while our latest pronouncement upon this subject, was founded upon a long and distinguished line of authority beginning with *Haas Drilling Co. v. First National Bank in Dallas,* 456 S.W.2d 886 (Tex.1970) where we stated:

> [I]t is quite clear that there will be no reversal in non-negligence cases simply because the issue is too broad or too small. The trial court has almost complete discretion, so long as the issue in question is unambiguous and confines the jury to the pleading and the evidence. 456 S.W.2d at 889 (quoting G. Hodges, Special Issue Submission in Texas [Supp. 1969]).

In *Scott v. Ingle Brothers Pacific, Inc.,* 489 S.W.2d 554 (Tex.1972) we upheld an issue which inquired "[d]o you find ... that H.L. Scott was discharged by the Defendant without good cause?" against an objection that the issue was too broad. We re-urged our holding in *Haas* that the trial court has wide discretion to submit broad issues. *Id.* at 557. In *Mobil Chemical Co. v. Bell,* 517 S.W.2d 245 (Tex.1974), decided only three months after we adopted the amended version of Rule 277, we recommended that a single broad negligence issue be given rather than giving issues on each of the many various elements of a negligence cause of action. In *Siebenlist v. Harville,* 596 S.W.2d 113 (Tex.1980), we again approved this form of submission when we upheld the single issue submis-

sion of gross negligence. In *Burk Royalty Co. v. Walls,* 616 S.W.2d 911, 924 (Tex. 1981), we stated:

It is understandable that a rule requiring issues to be submitted 'distinctly and separately' which prevailed from 1913 until 1973 would slowly relinquish its hold upon trial practice, but after 1973, Rule 277, as amended, permits the submission of issues broadly even though they include a combination of elements or issues. This court, in addition to the times it has written in the opinions already cited, has on a number of other occasions, approved broad submissions. [Citing dozens of cases both by this court and by courts of appeals.]

Our exasperation at the bench and the bar for failing to embrace wholeheartedly broad issue submission is thinly veiled in the above quote. *See also, Maples v. Nimitz,* 615 S.W.2d 690 (Tex.1981) and *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931 (Tex.1980). This court has clearly mandated that Rule 277 means precisely what it says and that trial courts are permitted, and even urged, to submit the controlling issues of a case in broad terms so as to simplify the jury's chore.

■ In the instant case the controlling issue, the only issue which would authorize a recovery by Island, was whether Island had performed all of the things required by Republic as conditions precedent so as to entitle Island to enforce the commitment. This was precisely the single issue the trial court chose to submit to the jury.

■ We hold that in the instant case the trial judge was following the policy this court has enunciated concerning broad issue submissions. We further hold that, when requested, the trial court should submit appropriate accompanying instructions. However, we decline to say that the failure to do so is reversible error *per se.* To determine whether an alleged error in the jury charge is reversible, the reviewing court must consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety. Alleged error will be deemed reversible only if, when

viewed in the light of the totality of these circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment. Tex.R.Civ.P. 434.

In the instant case, if the absence of an instruction on waiver was detrimental to either party, it was Island. Nonetheless, Island received a favorable jury verdict. Republic, as the complaining party, has failed to demonstrate harm from an alleged error from which it benefited. When the totality of this case is considered, we find no reversible error on the part of the trial court in broadly submitting the case to the jury.

The court of appeals held there was no evidence of waiver by Republic. In deciding a no evidence point, the appellate court must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

■ The record shows that Island's principal officer, Mike Ryan, met several times with officers and employees of Republic concerning the applications. Ryan first contacted Republic's officer in charge of the loan commitment, Senior Vice-President Richard Waring. Waring had Pat Green call Ryan in June of 1981. Green was in charge of Republic's loan department in Houston. Ryan requested the materials that were necessary to prepare the loan applications. Green sent the materials necessary to prepare the loan applications to the Beaumont office of Republic, which was in the process of being closed. When he did not receive the materials, Ryan contacted a former officer of Republic and secured F.N.M.A. forms. Waring told Ryan in August of 1981 that Republic wanted to handle the applications in Houston.

Ryan then began preparing the forms with Green at Republic's Houston office on August 18, or August 25, 1981. At that time Ryan delivered the unfinished loan

applications to Green, who accepted them. Green agreed to help finish the forms but stated that it would be difficult to finish the forms by September 15, 1981. Green testified that federal law required her merely to accept the applications, not continue processing them. Ryan traveled almost daily to Houston, to aid Green in processing the applications. The day after accepting them, Green met with Waring concerning the applications. They spoke about the time it would take to process the applications. Green put aside her regular work and began working full time on Island's loan applications. Three days after accepting them Green learned of the provision requiring the forms to have been filed by August 15, 1981, however, she continued working full time on the forms until September 15, 1981. She learned of the deadline only because Ryan provided her with a copy of the commitment letter when her own bank and attorneys could, or would, not.

There was also evidence that the very top officers at Republic discussed the Island commitment daily between August 15, and September 15, 1981, knowing the applications had not been filed before the deadline, and yet took no action to inform Ryan that the commitment would not be honored. Republic's officers knew that Ryan had crews working 24 hours a day and was thereby incurring excessive expense, to complete the units by the September 15, 1981 completion deadline. On September 14, 1981, Republic sent an inspector out to the project and on September 15, 1981, hired an independent appraiser to determine if the project was complete. Republic's highest officers were cognizant of the Island commitment and its deadlines, they did not want to have to fund the commitment, and yet they never gave Island any indication that the forms would not be accepted or acted upon, or that the loan would not be funded for that reason.

This evidence constitutes *some* evidence that Republic knowingly waived the application deadline. The court of appeals thus erred in finding there was no evidence of waiver.

The court of appeals found as a matter of law that Island breached paragraph 15 of the commitment letter and thus had no interest in the letter as of the date of trial. The record shows that prior to commencing construction and in order to arrange interim construction financing Island executed an assignment of the letter of commitment to Allied Merchants Bank. The assignment stated:

> Borrower [I.R.D.C.] hereby assigns to lender [Allied] (i) all of the right, title and interest of Borrower to and under the commitments of the long-term lenders described in Exhibit "B" and (ii) the agreement between Borrower and the general contractor which is described in Exhibit "B".

Island contends that the assignment was merely a collateral assignment and the record shows that Republic's attorney conceded such at trial. Island produced evidence that Republic was fully aware at the time the commitment letter was issued that Island would necessarily acquire interim construction financing. Further, it was customary in this type of transaction that the commitment of the long term financer would be collaterally assigned to the lender of the construction financing.

■ An assignment, though absolute in form, can be shown by parol evidence to be intended only as collateral security. *Kaufman v. Blackman*, 239 S.W.2d 422, 427 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r. e.). *See Wilbanks v. Wilbanks*, 160 Tex. 317, 330 S.W.2d 607 (1960).

■ This question was argued to the jury which by its answer to the liability issue found for Island. Further, by the terms of the paragraph in question the letter of commitment was not assignable without Republic's consent. Thus, any attempted assignment, whether absolute or collateral, would be of no force and effect. The letter contained no penalty provision for an attempted assignment. We hold that the court of appeals erred in finding

that Island had no interest in the commitment letter.

All of Republic's other cross-points were correctly determined by the court of appeals.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

SPEARS, J., files a dissenting opinion in which McGEE and CAMPBELL, JJ., join.

GONZALEZ, J., files a dissenting opinion.

SPEARS, Justice, dissenting.

I respectfully dissent. At the outset, I wish to note that I am not writing this dissent to discourage or impede broad issue submission. I write only to encourage wise and efficient broad issue practice.

I agree with the majority's advocating a simpler, fairer, more efficient jury charge system through broad issue submission. However, I do not agree that the charge in this case broadly submitted both waiver and performance. The issue in this case reads:

> Do you find from a preponderance of the evidence that plaintiffs performed all their obligations under the commitment letter in question?

The jury answered "We do."

In reviewing this issue, the majority characterizes the question before this court as: "whether it is reversible error for the trial court to submit a single broad issue encompassing more than one independent ground of recovery." While I believe the answer to this question is "no," the answer to this general question does not resolve this case. The only question which answered will resolve this case is whether the charge submitted to this jury encompassed both performance and its independent counterpart, waiver. I will show why it does

not. I will then discuss the myriad of procedural traps and legal tangles under the majority's approach which will undermine broad issue practice.

In a jury charge system, it is fundamental that a judgment be based on the verdict. Tex.R.Civ.P. 301; *First Nat. Bank in Dallas v. Zimmerman,* 442 S.W.2d 674 (Tex. 1969). The jury's verdict is composed of findings on independent grounds of recovery or defense placed before it. Consequently, to support judgment, an independent ground of recovery or defense not conclusively proven must be included in the charge. *Orkin Exterminating Co. v. Gulf Coast Rice Mills,* 362 S.W.2d 159 (Tex.Civ. App.—Houston 1962, writ ref'd n.r.e.). A broad issue charge can place a ground of recovery before the jury by mentioning the ground in issues or by including instructions which refer the grounds to an issue. *Mobil Chemical Co. v. Bell,* 517 S.W.2d 245 (Tex.1974); O. Walker, W. Corcoran & M. Lipscombe, *Survey of Special Issue Submission in Texas Since Amended Rule 277,* 7 St. Mary's L.J. 345, 363–65 (1975).

The charge in this case does not place waiver before the jury. Waiver is not subsumed in the issue asking if Island performed its obligations under the commitment letter because waiver and performance are independent, mutually exclusive legal theories. *Middle States Petroleum Corp. v. Messenger,* 368 S.W.2d 645, 654 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r. e.). While waiver and performance may be submitted in the same issue,[1] the issue submitted to this jury did not mention waiver; therefore, the issue itself does not support a judgment for Island.

A broad issue, silent on a ground of recovery, may envelop that ground through instructions which refer the ground to the issue. Walker, *supra* at 363–65; Pope, A

---

1. I suggest submitting a broad issue on waiver and performance as follows:
   > Do you find from a preponderance of the evidence that [plaintiff] performed all of the obligations under the commitment letter which [defendant] did not waive?

You are instructed that waiver is defined as intentionally giving up a known right.
You are instructed that performed means carrying out obligations as required by the contract.

New Start on the Special Verdict, 37 Tex. B.J. 335 (1974). The purpose of definitions and explanatory instructions is to aid the jury to render a verdict. Tex.R.Civ.P. 277. When certain grounds of recovery or defense are not specifically mentioned in a broad issue, the jury needs instructions to guide and limit its consideration to the pleaded and tried grounds of recovery and defense. *Scott v. Atchison, Topeka and Santa Fe Railway Co.*, 572 S.W.2d 273 (Tex.1978); Pope, *supra* at 335–37. In a broad issue practice, instructions rather than separate issues can place the specific grounds of recovery or defense before the jury. Pope, *supra* at 335–37. *See also Mobil*, 572 S.W.2d at 255–56. In this way, an instruction on waiver would have provided support for the judgment. The trial court, however, submitted no instruction on waiver; therefore, waiver was not before the jury.

This charge simply does not submit waiver and performance broadly, but only submits performance specifically. Waiver is not mentioned in the issue or in any instruction. The issue asks about performance of "obligations under the commitment letter in question." It does not ask or instruct about waiver. It does not even ask or instruct, as the majority states, "whether Island had performed all of the things required by Republic" (indicating those things not required by Republic were waived). The word "performed" is modified in the issue by "obligations under the commitment letter in question," not by "all of the things required by Republic" as the majority states. Even this rewording would not encompass waiver without instructions.

Because the charge is silent on waiver, the majority truly holds that it is acceptable to *imply* a jury answer to an independent ground of recovery or defense never mentioned in the charge. No broad issue case or comment so holds. Nevertheless, the majority gratiously quotes out of context from several cases espousing broad issue submission. For example, the majority quotes from *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 914 (Tex.1981), to support its holding. *Burk Royalty* does encourage broad issue submission. In fact, *Burk Royalty* states that broad issues may "include a combination of elements or issues." 616 S.W.2d at 924. For a ground of recovery or defense to support a judgment, however, the charge must expressly mention the ground either in issues or in instructions. Neither *Burk Royalty* nor any of the other cases cited hold that independent grounds of recovery not expressed in the charge can support judgment.

However, the majority holds that "when the totality of the trial proceedings are considered it is apparent that waiver of paragraph 17 of the commitment letter was considered by the jury and found adversely to Republic." The majority believes that because waiver was pleaded, tried, and argued, the jury apparently considered it in its deliberations. The majority ignores the crucial last step in establishing a ground of recovery: placing the ground before the jury in the charge. *Harkey v. Texas Employer's Insurance Agency*, 146 Tex. 504, 208 S.W.2d 919 (1948).

This points out the true problem in this case. The charge submitted did not expressly mention waiver in an issue or in an instruction. The jury was instructed, as in all cases, "not to speculate on matters not shown by the evidence admitted before you and *about which you are not asked any questions.*" This instruction closely parallels Rule 226a's model instruction that the jury "consider only the evidence introduced ... together with the law as given [it] *by the court.*" The law on waiver was never given the jury by the court. We cannot presume that the jury violated their instructions. Rather, it is apparent that the jury did not consider waiver because waiver was not mentioned in the charge. Nevertheless, the majority upholds the judgment based on waiver despite the inescapable conclusion that if the jurors followed their oath as jurors, they did not consider waiver.

Notwithstanding that waiver was not mentioned in the charge, the majority holds

that failure to submit an instruction on waiver was harmless error, precluding Republic's complaint on appeal. This is incorrect. Republic does not complain of lack of an instruction on waiver, but complains that the verdict does not support the judgment because Island undisputedly did not perform as required by the commitment letter, and waiver was never submitted. Republic is harmed by the trial court's erroneously rendering judgment on the verdict, not just by its failure to instruct on Island's independent ground of recovery.

The majority's harmless error analysis leaves the party defending against a broad issue (opponent) remediless on appeal. The party relying on a broad issue (proponent) may submit that issue, silent on certain tried independent grounds of recovery or defense. The opponent would then be in real trouble. Under the majority's approach, the trial court must render and the court of appeals must uphold judgment on the omitted grounds, even if it finds no evidence to support affirmative answers to the submitted grounds. This precludes no evidence or factual insufficiency review of grounds submitted to the jury. Furthermore, the majority would then hold that failure to include in the charge other tried grounds was harmless as to the grounds' opponent, precluding his complaint that the judgment is not supported by affirmative findings on evidenced grounds of recovery or defense.

This analysis also impliedly and incorrectly places the burden to request such an instruction on the opponent of an issue, for he is better off requesting the omitted ground and hoping for a negative finding than facing certain implication of an affirmative finding on appeal. Even if requested, the judge's failure to submit will be harmless. Never before now has one party been required to request submission of his opponent's independent ground of recovery or defense.

The majority's harmless error holding also gives the issue's proponent an incentive not to request instructions. The issue's proponent, to avoid reversal on defec-

tive instructions or unevidenced mentioned grounds, will not request them, knowing the majority will uphold the verdict if any evidence supports any tried but omitted ground.

In addition to confusing trial practice, the majority's implying that the jury considered a ground not expressed in the charge also radically alters appellate review. Following the majority's lead, the appellate courts in reviewing charges cannot render for no evidence or remand for factual insufficiency on affirmative answers to submitted grounds. Rather, they will have to speculate on what omitted grounds of recovery the jury may have considered and imply affirmative answers to those grounds. This speculation into the jurors mental processes violates the tantamount rule of appellate review that the court shall not substitute its judgment for the jury's. This also forces the appellate court to violate an instruction always given jurors not to speculate on matters not mentioned in the charge. *See* Tex.R.Civ.P. 226a.

To avoid all of these problems, I propose a simple rule: broad issues encompass only those grounds of recovery actually written and appearing on the face of an issue or an instruction. The converse is that unexpressed independent grounds of recovery or defense cannot support judgment. Under this rule, the parties will know precisely how to place grounds of recovery and defense before the jury: expressly mention them in issues or instructions. If the party relying on a ground of recovery or defense fails to request an issue or instruction specifically mentioning the ground, he waives it. The jury also will know clearly, not just apparently, from reading the charge what grounds of recovery it may consider in reaching its verdict. Furthermore, the trial court and the appellate court will know clearly from reading the charge what grounds of recovery the jury considered, and review the case accordingly, without speculation.

Under this rule, the verdict in this case does not support judgment for Island.

While I share the appellate courts' reluctance to reverse cases on technical charge problems, I do not consider the trial court's error merely technical. The judgment is erroneous because it is based on a ground of recovery not conclusively proven and never presented to the jury. This error contravenes the most basic principles of the law of judgments. *Akin v. Dahl,* 661 S.W.2d 911, 913 (Tex.1983); *Glen Falls Ins. Co. v. Peters,* 386 S.W.2d 529, 531–32 (Tex.1965). *See also* 3 McDonald, *Texas Civil Practice in District and County Courts* § 12.36.2 (1983); 1 Freeman, *Freeman on Judgments* §§ 9, 10 (1925).

Normally, when a judgment is erroneously rendered, we reverse and render. However, out of fairness to both parties, I would remand this cause to the trial court in the interest of justice.

Rule 505 entitles this court to "reverse the judgment and remand the cause to the trial court, if it appears that the justice of the cause demands another trial." Tex.R. Civ.P. 505. Island did not raise on appeal the trial court's failure to submit an issue or instruction on waiver. Thus, we could simply render against Island because the court of appeals found no evidence of performance. However, it seems unfair to render against Island because the jury could have believed Republic waived Island's contract obligations. Further, Island may not have complained of lack of issues or instructions on appeal because it felt the submitted issue did include waiver. While I disagree, this highlights the true problem: the trial court tried but failed to submit a broad issue which included waiver. when Island requested issues and instructions on waiver. Under these circumstances, rendering against Island would be unjust. This court has held that remand in the interest of justice is proper in this situation. *Hicks v. Matthews,* 153 Tex. 177, 266 S.W.2d 846, 49 (1954). Rendering against Republic would also be unjust because the charge's silence on waiver, and the absence of evidence on performance, prevents the verdict from supporting judgment for Island.

Considering all of the circumstances surrounding this charge, and the novelty of the majority's holding, we can fairly dispose of this case only by remanding to the trial court to proceed according to this opinion.

McGEE and CAMPBELL, JJ., join in this dissent.

GONZALEZ, Justice, dissenting.

I respectfully dissent. While I agree with this court's policy concerning broad issue submission, I disagree that the policy should be advanced in this case.

Island sought Republic's assistance in providing financing to prospective purchasers of Island's condominiums. One of the requirements (Paragraph 17) of their agreement was that loan applications be submitted to Republic thirty days prior to the termination date. Island did not comply with this requirement. Republic refused to fund the loans. Island then sued Republic for breach of contract.

At trial, both sides requested various issues and instructions on both performance of the commitment letter's conditions and waiver. The trial court, however, refused to submit the requested issues and instructions on waiver and only submitted one issue on liability which read:

Do you find from a preponderance of the evidence that plaintiffs performed their obligations under the commitment letter in question?

Answer: We do.

The majority states that "when the totality of the trial proceedings are considered it is apparent that waiver of Paragraph 17 of the letter of commitment was considered by the jury and found adversely to Republic."

I disagree for the following reasons: (1) a trial court's failure to submit instructions with broad issues that "subsume" mutually exclusive independent grounds of recovery or multiple causes of action is harmful

error;[1] (2) the majority's position is not supported either by the cases cited promoting broad issue submission or by Rule 277;[2] and (3) the majority's approach disregards the requirements of Rule 279 dealing with issue submission.

### (1) *Broad Issue Instructions and Harmful Error*

The question presented on appeal is whether the issue submitted to the jury includes Island's ground of recovery alleging that Republic waived the condition that the loan applications be received at least thirty days prior to the termination date. Applying the evidence introduced at trial to contract law, a verdict in Island's favor can only be based on a theory of waiver. The majority concludes that the submitted "broad" issue includes an issue on waiver.[3]

The trial court did not, however, submit an accompanying instruction on waiver. Where multiple grounds of recovery are included in one broad issue, the trial court should give the jury appropriate instructions. *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245 (Tex.1975). Where, as here, the broad issue contains independent grounds of recovery that are mutually exclusive or otherwise conflicting, the trial court must submit an instruction. Otherwise, the verdict can be based upon a jury finding to an erroneous legal theory.

The majority holds that a trial court's failure to give an instruction to a "broad" issue is not reversible error *per se*, and further, that Republic, the party whose liability is premised on the omitted ground of recovery, has failed to "demonstrate

---

1. The liability issue submitted to the jury only addresses performance. The jury was asked: Did Island perform its obligations under the commitment letter? The majority essentially argues that "we do" means "we do not" find Island performed, but it does not matter because Republic waived its right to require performance. A literal reading of the issue and answer, however, shows that the jury merely answered "we do" find that Island performed its obligations. Because the jury said "Yes, Island performed," it would not address whether Island is *excused* from performance under a theory of waiver. The majority does not explain how the jury knowingly found waiver in an issue asking about performance.

Contract law governs the parties' rights and obligations. The court of appeals held, as a matter of law, that Paragraph 17 was a condition precedent (an "obligation") under the commitment letter. Island did not appeal this holding. The majority implicitly holds that failure to perform the condition precedent was undisputed. Apparently, the majority is holding that nonperformance of Paragraph 17 was established as a matter of law. Utilizing these two legal conclusions (Paragraph 17 is a condition precedent and Island failed to perform Paragraph 17), the majority reasons Island could not have performed its obligations under the letter. Thus, after precluding as a matter of law any question on performance, the court then implies a finding of waiver of the condition precedent.

If failure to perform was conclusively established and the trial court and jury treated Paragraph 17 as a condition, then the trial court should not have submitted an issue asking if Island performed its obligations. Only disputed controlling issues are submitted to the jury. TEX.R.CIV.P. 279. The majority does not explain why it was proper for the trial court to

submit only one undisputed question on liability.

The majority's assumption on the jury determination is not supported by the events at trial. Several issues were requested in regard to whether Island made certain improvements on the premises as required under Paragraph 15 (not Paragraph 17) of the commitment letter. Such requests by the parties indicate a disputed issue on performance in connection with other obligations, or paragraphs, under the letter. When the jury answered the issue on performance, a question arises regarding whether the jury found Island performed Paragraph 15 of the commitment letter or whether the jury also found Republic waived its right to enforce Paragraph 15 and various other paragraphs of the commitment letter. There is no way to determine what the jury may or may not have found.

2. All references to "Rules" are to Tex.R.Civ.P. (1984).

3. The issue in this case is not a broad issue. The issue asked about "obligations *under the commitment letter*." By modifying "obligations" with "under the commitment letter," the issue limits the jury's consideration to the literal requirements of the letter. This issue does not allow the jury to consider other grounds of recovery nowhere mentioned in the charge.

To hold that the submitted issue includes waiver, the majority must read "obligations under the commitment letter" as "obligations under the commitment letter that Republic did not waive." The merits of broad issue submissions aside, this court should not rewrite an issue so as to include an independent ground of recovery never mentioned in the charge.

harm." The harm in this case is obvious. The submitted issue does not ask about waiver and does not contain an accompanying instruction or definition on waiver. Despite the omission, this court affirms a verdict against Republic.[4]

In reviewing whether the trial court's failure to give an instruction or issue is "harmful error," this court is guided by Rule 503 which states that a judgment shall not be reversed unless the error "was reasonably calculated to cause and probably did cause the rendition of an improper judgment." The determination of whether an improper judgment probably resulted is based on the record as a whole. *Lumbermen's Lloyds v. Loper,* 153 Tex. 404, 269 S.W.2d 367, 370 (1954).

This court has frequently discussed "harmful error" in the context of the jury charge. In 1973, this court amended Rule 277 in an effort to give trial judges greater latitude in submission of the jury charge. Despite the greater discretion given to trial judges, this court has repeatedly held that errors in the jury charge require reversal as harmful error. In *Gulf Coast State Bank v. Emenhiser,* 562 S.W.2d 449 (Tex. 1978) this court held that the instructions given to the jury constituted a "misstatement of law." In reversing, we stated that "[a] trial court's charge which does not instruct the jury as to the correct law applicable to the facts is improper.... The erroneous charge constituted error which was reasonably calculated to cause and probably did cause the rendition of an improper judgment." *Id.* at 453–54. Thus, the *inclusion* of misstatements of law in the instructions was harmful error. The rationale is equally applicable that the *exclusion* of instructions on the applicable law, when they are required, results in harmful error.

Similarly, in *Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87 (Tex.1973) this court held that an issue on actual damages was overly broad when it contained an inappropriate instruction that allowed recovery for "loss of monetary reward." A proper instruction would have included net profits or another legal measure of damages. Thus, this improper submission "was fatally defective, because it simply failed to guide the jury on *any proper legal measure of damages.*" *Id.* at 90. This court reversed the judgment because the accompanying instruction failed to limit the jury's considerations on the "broad" issue. When the jury's answer to a broad issue can include inapplicable types of damages or inapplicable grounds of recovery, the issue requires an appropriate accompanying instruction. The "broad" issue submitted in this case does not have such an accompanying instruction.

In *Scott v. Atchison, Topeka & Santa Fe Ry.,* 572 S.W.2d 273 (Tex.1978) the adversely affected party complained of the submission of a broad issue which allowed the jury to find negligence on facts that were neither pleaded nor proved. In reversing, we stated:

> In view of the wide variance between the pleadings and unplead facts and circumstances from which the jury *could have* inferred that the railroad was negligent, such error was reasonably calculated to and probably did cause the rendition of an improper judgment.

*Id.* at 277. Other Texas Supreme Court cases have reversed the lower court judgments for errors in the charge. *Washington v. Reliable Life Ins. Co.,* 581 S.W.2d 153 (Tex.1979) (trial court submitted irrelevent issue); *Dutton v. Southern Pacific Transportation,* 576 S.W.2d 782 (Tex.1978) (trial court submitted com-

---

4. On review, the court of appeals held that there was *no evidence* of waiver. The majority presumes, in the absence of an issue or instruction, that the jurors knew they had to find that Republic relinquished its right to insist on performance. The majority fails to cite any authority allowing this court to make an implied "finding" on an independent ground of recovery that is not even mentioned in the charge. This court cannot "find" waiver. We have jurisdiction over questions of law only and no power to decide facts. *Stanfield v. O'Boyle,* 462 S.W.2d 270, 272–73 (Tex.1971); TEX. CONST. art. 5 § 3. This court cannot hold that a judgment based on a jury finding on a ground of recovery upon which no inquiry was made is harmless error.

mon law definition in a F.E.L.A. case); *Southwestern Bell Tel. Co. v. Thomas,* 554 S.W.2d 672 (Tex.1977) (trial court failed to submit requested issues on contributory negligence); *Missouri Pacific R.R. Co. v. Cross,* 501 S.W.2d 868 (Tex.1973) (errors in submission of issues and objections to the charge). These cases all stand for the proposition that when a trial judge submits an improper instruction or issue, the error is harmful and the judgment will be reversed. There is no sound basis for distinguishing between the submission of an improper instruction and the failure to submit an instruction when one is necessary.

The majority observes that "if the absence of an instruction on waiver was detrimental to either party, it was Island." The majority fails to state on what basis it makes this determination. If the issue is properly construed as only addressing performance, then the majority's statement is accurate. However, when the issue is construed as containing questions on both performance and waiver in one "broad" issue; the submitted issue, without instruction, gives Island "two bites at the apple." The jury could either find that Island performed its obligations, or, as under the majority's analysis, the jury may "impliedly" find that Republic waived its rights to enforce the obligations.

The majority states that "the controlling issue, the only issue which would authorize a recovery by Island, was whether Island had performed all of the things required by Republic as conditions precedent so as to entitle Island to enforce the commitment." The majority, then, emphasizes the fact that performance of conditions precedent was the question before the jury, not waiver. Thus, the submitted issue was not "detrimental" to Island, but allowed Island to recover on a ground of recovery that was not addressed in the charge. The issue was detrimental to Republic both because it was held liable on an omitted ground of recovery and because it was not required to request that Island's omitted theory of recovery be submitted.

This case will have a far reaching impact. Regardless of the result reached here, the majority should not place its stamp of approval allowing a trial court to submit broad, even innocuous, issues without any limiting instructions or definitions. The majority opinion makes it virtually impossible for appellate courts to review the trial court's charge. The prevailing party need only argue that the issue submitted to the jury was a "broad" issue, thereby encompassing any and all theories of recovery. All omitted grounds of recovery will be "subsumed" in "broad" issues. Without instructions, the submission of broad issues leads to verdicts unsupported by legitimate legal theories. Broad issues will virtually become general charge submissions.

### (2) *Rule 277 and Issue Submission*

In reaching its conclusion that failure to submit an instruction is not harmful error, the majority relies on the portion of Rule 277 which allows the combined submission of elements or issues. The majority, however, disregards another portion of Rule 277, which states:

> In submitting the case, the court *shall* submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict ...

Tex.R.Civ.P. 277 (emphasis added). *See* Pope & Lowerre, *Revised Rule 277—A Better Special Verdict System for Texas,* 27 Sw.L.J. 577, 587 (1973). In holding that the trial court's failure to instruct was not reversible error, the majority ignores the mandatory language of Rule 277—that the trial court *shall* submit necessary instructions. In this case, the issue submitted, in the absence of an instruction, did not allow the jury to arrive at a proper verdict. *See Line Enterprises v. Hooks & Matteson,* 659 S.W.2d 113, 117 (Tex.App.—Amarillo 1983, no writ). In light of the affirmative language of Rule 277, the trial court's failure to submit an instruction resulted in reversible error.

The majority further relies upon cases dealing with Rule 277 and the submission of broad issues. Although these cases pro-

mote the submission of broad issues, none of them utilize the inherently detrimental "subsumed issue" analysis which is presently being employed by the majority. Further, none of the cases permit recovery upon an omitted independent ground of recovery in contravention of the requisites of Rule 279.

### (3) *Rule 279 and Issue Submission*

In framing the issue of this case, the majority states that the "question is whether it is reversible error for a trial judge to submit a single broad issue encompassing more than one independent ground of recovery?" The majority, then, holds that questions both on performance and on waiver are included in the same issue. Yet, the word "waiver" does not appear in the issue. Under Rule 279:

> Upon appeal all independent grounds of recovery or defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived ...

Waiver is an independent ground of recovery. *Middle States Petroleum Corp. v. Messenger*, 368 S.W.2d 645, 654 (Tex.Civ. App.—Dallas 1963, writ ref'd n.r.e.). *See Sun Oil Co. (Delaware) v. Madeley*, 626 S.W.2d 726 (Tex.1981); *Washington v. Reliable Life Ins.*, 581 S.W.2d 153, 157 (Tex. 1979). Waiver was neither conclusively established nor was an issue submitted on waiver. The waiver ground of recovery was waived. Thus, Island, the party relying on waiver, should not be allowed to recover on the submitted issue.

The majority's approach in this case disregards well established rules relating to the party who has the burden of requesting the submission of issues. Island relies on the waiver theory for its recovery. Under Rule 279, the party relying on waiver has the burden of proof upon the issue. *Washington*, 581 S.W.2d 157. *See Texas Prudential Ins. v. Dillard*, 158 Tex. 15, 307 S.W.2d 242, 249 (1957). Island's burden is the same whether the issues are separately or broadly submitted. Island requested issues and instructions on waiver, it knew that it had the burden to have such issues submitted. The trial judge refused to submit the requested issues and instructions on either of these theories. *Island did not complain of this failure in the court of appeals or in this court.* Island waived any complaint of improper refusal to submit requested issues or instructions. *State Farm Mut. Auto Ins. v. Cowley*, 468 S.W.2d 353, 354 (Tex.1971); Tex.R.Civ.P. 476. Since Island did not preserve error on the trial court's failure to submit the issues on waiver and estoppel, Island can only recover on those grounds if they are established as a matter of law. Tex.R.Civ.P. 279; *Washington*, 581 S.W.2d at 157. An issues is conclusively established when the evidence is such that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. *Triton Oil & Gas Corp. v. Marine Contractors & Supp., Inc.*, 644 S.W.2d 443, 446 (Tex. 1982). *See Cavanaugh v. Davis*, 149 Tex. 573, 235 S.W.2d 972, 977 (1951). Island did not conclusively establish waiver; Island failed to meet its burden.[5]

---

**5.** Pat Green received the loan applications and began processing them August 25, 1981. Green testified she did not know of the provision in the loan commitment letter which required Island to file the applications by August 15. She also stated that she was obligated under federal law to accept the applications. Hal Huddleston, an executive of Republic, not Pat Green, had the authority to make a final decision whether to fund the commitment. There is no evidence that Green had actual authority to waive the condition, nor was there any evidence Ryan believed Green had such authority. Island admits that there is a question whether the scope of Green's agency included the authority to waive performance of the condition. There is

"room for ordinary minds to differ" whether Green had authority to waive the condition that the applications be submitted by August 15.

Island also contends Republic is estopped to deny the condition was waived. The primary element of estoppel is a false representation or concealment of material facts. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952). Island does not contend Republic made any false representation or intentionally concealed facts. Further, the evidence does not establish such conduct.

Neither waiver nor estoppel was conclusively established. In addition, Island failed to preserve its error to challenge the trial court's re-

By its holding, the majority implicitly requires that Republic request and object to the submission of its adversary's omitted theories of recovery. In light of Rule 279, we cannot shift the burden upon Republic to request Island's theory of recovery. More importantly, we cannot say that Republic was not harmed when it was held liable on such omitted ground of recovery.

For the above reasons, I would affirm the judgment of the court of appeals.

fusal to submit an issue on waiver or estoppel. Therefore, because it is undisputed that Island did not file the applications by August 15, Re-

public was relieved of its obligations to perform under the loan commitment.