

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00476-CV

Jim **WEYNAND**,
Appellant

v.

Hugh **LONG**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-08332
Honorable Richard Price, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: December 5, 2018

AFFIRMED

Jim Weynand appeals a take nothing judgment entered in favor of Hugh Long. Weynand presents two issues on appeal which Weynand clarifies in the conclusion and prayer of his brief as asserting the trial court abused its discretion in submitting a jury question relating to the discovery rule because: (1) Long did not secure a ruling that the discovery rule applied to Weynand's injuries; (2) Long failed to plead the discovery rule; and (3) Weynand's injuries are not the type to which the discovery rule applies as a matter of law. We affirm the trial court's judgment.

## PROCEDURAL HISTORY

On May 19, 2011, Weynand filed the underlying lawsuit. In his initial petition, Weynand did not name Long as a defendant. Long was added as a defendant in an amended petition Weynand filed on January 31, 2012.

On February 2, 2015, trial commenced; however, the trial court recessed the trial on February 5, 2015. On May 20, 2015, the trial court entered an order to resume the trial beginning on August 31, 2015. On August 28, 2015, Long filed for bankruptcy protection; however, the bankruptcy court entered an order lifting the automatic stay on September 4, 2015. Trial resumed on September 8, 2015, and the parties closed the evidence on December 11, 2015.[1]

The jury charge contained questions relating to five defendants: (1) Long; (2) Larry Struthoff; (3) Tracy Janicke; (4) S.W.L. Enterprises, Inc. ("SWL"); and (5) Olmos Equipment, Inc. ("OEI"), which was a company formed by Janicke and five other individuals. The jury charge also defined "OCI" as referring to Olmos Construction, Inc. which was formed and owned by Weynand, Long, and Struthoff.

In the first question, the jury was asked whether Weynand, Struthoff, Long and OEI agreed that over a ten year period beginning in June 2000, Weynand, Struthoff, and Long would sell to OEI and OEI would buy from Weynand, Struthoff, and Long, each of Weynand's, Struthoff's, and Long's respective individual ownership interests in OCI and SWL for: (1) $12,000,000.00 in principal payments to each of Weynand, Struthoff, and Long; (2) $2,500,000.00 in tax payments to each of Weynand, Struthoff, and Long to compensate each for his individual tax liability; (3) $2,600,000.00 in salary payments to each of Weynand, Struthoff, and Long; (4) $2,400,000.00 in "off ledger" allowance or payments to each of Weynand, Struthoff, and Long; and (5) $500,000

---

[1] The factual statements in the foregoing paragraph are based on factual recitations in the final judgment.

in payment of money owed to Weynand at the time of the agreement. The jury answered the question "yes." In response to other questions, the jury found OEI failed to comply with its agreement to pay Weynand for Weynand's ownership interest in OCI and SWL and found the earliest date OEI failed to comply with its agreement was July 1, 2010. Finally, the jury awarded Weynand $3,400,000.00 in damages for OEI's breach of the agreement.

The jury also found a relationship of trust and confidence existed between Long and Weynand and Struthoff and Weynand. However, the jury found that only Long breached his fiduciary duty to Weynand "in connection with distributions to Weynand, Struthoff, and Long." In response to question 13, the jury found Weynand should have discovered Long's failure to comply with his fiduciary duty "in connection with distributions to Weynand, Struthoff, and Long" by December 2002. Finally, in response to question 19, the jury awarded Weynand $1,500,000.00 in damages for Long's breach of his fiduciary duty relating to the distributions.

The jury made other findings and awarded other damages that are not relevant to this appeal. Based on the jury's findings, the trial court signed a final judgment on May 2, 2016. The final judgment awarded Weynand damages for various causes of action including the $3,400,000.00 in damages for OEI's breach of contract and also awarded Weynand $1,072,814.75 in attorney's fees. However, "[b]ased on the Jury's answer to Question 13, and taking judicial notice that Weynand filed suit against Hugh Long on January 11, 2012, [the trial court found] the statute of limitations bar[red] Weynand's claim for damages as found by the Jury in response to Question 19." Therefore, the trial court entered a take nothing judgment in favor of Long as to that breach of fiduciary duty claim.

OEI, Struthoff, SWL, and Janicke filed timely notices of appeal on July 28, 2016. On August 11, 2016, Weynand filed a notice of appeal challenging the take nothing judgment entered in favor of Long.

On August 15, 2016, a suggestion of bankruptcy was filed in this court stating OEI had filed for bankruptcy protection. In addition, Janicke, Struthoff, and SWL filed motions to dismiss their appeals. On August 16, 2016, this court entered an order abating the appeal pursuant to the bankruptcy stay.

On February 6, 2018, the litigation bankruptcy trustee for OEI filed a motion to dismiss OEI's appeal. On February 14, 2018, this court reinstated the appeal on the court's docket and granted the pending motions to dismiss. The court retained Weynand's appeal on the docket of the court and ordered the appeal to be restyled as Jim Weynand, Appellant v. Hugh Long, Appellee. The appellate record and briefs were filed, and the appeal was set for submission.

## STANDARD OF REVIEW

"A trial court has considerable discretion to determine proper jury instructions, and we review a trial court's decision to submit or refuse a particular instruction for an abuse of discretion." *Gunn v. McCoy*, 554 S.W.3d 645, 675 (Tex. 2018). To determine whether alleged error in a jury charge is reversible, we consider the pleadings of the parties, the nature of the case, the evidence presented at trial, and the charge in its entirety. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 469 (Tex. 2017); *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex. 1986). "The alleged charge error 'will be deemed reversible only if, when viewed in the light of the totality of these circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment.'" *United Scaffolding, Inc.*, 537 S.W.3d at 469 (quoting *Island Recreational*, 710 S.W.2d at 555).

## PARTIAL REPORTER'S RECORD

Before addressing the merits of the issues raised by Weynand in his brief, we address the effect of the partial reporter's record filed in this appeal.

- 4 -

Rule 34.6(c) of the Texas Rules of Appellate Procedure sets forth the rules and procedures applicable when an appellant requests a partial reporter's record. *See* TEX. R. APP. P. 34.6(c). Rule 34.6(c)(1) provides, "If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." *Id*. 34.6(c)(1). When the appellant submits the statement of points or issues to be presented on appeal, the appellant court presumes the partial reporter's record constitutes the entire record for purposes of reviewing the stated points or issues. *Id*. 34.6(c)(4). If the appellant fails to submit the statement of points or issues, however, "we must presume the omitted portions of the reporter's record support the jury's findings." *Foddrill v. City of San Antonio*, No. 04-09-00339-CV, 2010 WL 2680005, at *2 (Tex. App.—San Antonio July 7, 2010, no pet.) (mem. op.) (citing *In re J.S.P.*, 278 S.W.3d 414, 418 (Tex. App.—San Antonio 2008, no pet.) (noting failure to file statement of points or issues requires appellate court to presume material missing from reporter's record is relevant and supports the trial court's judgment)).

The clerk's record contains two letters from Weynand to the court reporters requesting that they only transcribe the trial court's hearing on Long's motion for directed verdict and the formal jury charge conference. Weynand did not submit a statement of points or issues; therefore, we presume the omitted portions of the reporter's record support the jury's findings and the trial court's judgment. *See Foddrill*, 2010 WL 2680005, at *2; *In re J.S.P.*, 278 S.W.3d at 418.

### DISCUSSION

Weynand raises two issues on appeal directed at question 13 of the jury charge which asks:

> By what date should Weynand, in the exercise of reasonable diligence, have discovered Long's or Struthoff's failure to comply, if any, with his fiduciary duty in connection with distributions to Weynand, Struthoff, and Long?

The jury answered December 2002 as to Long and "N/A" as to Struthoff since the jury found Struthoff did not breach his fiduciary duty as to the distributions.

In his brief, Weynand argues the trial court abused its discretion in including question 13 because the trial court did not first determine the discovery rule applied. Even if the trial court had made that finding, Weynand argues the trial court abused its discretion because the discovery rule does not apply to the type of injuries suffered by Weynand. Finally, Weynand argues Long did not plead the discovery rule was applicable or prove when Weynand's claim accrued either for purposes of the statute of limitations or under the discovery rule.

"'[C]auses of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy.'" *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015) (quoting *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011)). In this case, the partial reporter's record precludes this court from determining when facts came into existence that authorized Weynand to seek a judicial remedy because this court has no facts to consider. Furthermore, because we presume the omitted portions of the reporter's record support the jury's findings and the trial court's judgment, we must presume the trial court determined the discovery rule applied, and Weynand's claim would otherwise be barred by limitations absent the application of the discovery rule. *See Foddrill*, 2010 WL 2680005, at *2; *In re J.S.P.*, 278 S.W.3d at 418.

Contrary to Weynand's assertion that the discovery rule does not apply to the type of injuries he suffered, "[t]he discovery rule has often been applied to a claim for a breach of fiduciary duty." *Gilmore v. Rotan*, No. 11-16-00253-CV, 2018 WL 4496232, at *3 (Tex. App.—Eastland Sept. 20, 2018, no pet. h.) (mem. op.) (citing *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 888 (Tex. 1998)). "In explaining why the discovery rule applies to a claim for breach of fiduciary duty, the Texas Supreme Court noted that 'a person to whom a fiduciary duty is owed is either unable to inquire into the fiduciary's actions or unaware of the need to do so.'" *Id*. (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996)). "Thus, claims for breach of fiduciary duty generally accrue when

the claimant knows or in the exercise of ordinary diligence should know of the wrongful act and resulting injury." *Id*.

Finally, with regard to Weynand's assertion that the discovery rule was not pled or proven, we must presume the discovery rule issue was tried by consent and properly proven by the evidence presented at trial. *See Foddrill*, 2010 WL 2680005, at *2; *In re J.S.P.*, 278 S.W.3d at 418; *see also Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991) (noting unpleaded defenses can be tried by consent).

Accordingly, because Weynand did not comply with Texas Rule of Appellate Procedure 34.6(c)(1) by providing a statement of the points or issues to be presented on appeal, we must presume the trial court properly submitted question 13 to the jury.[2] *See Foddrill*, 2010 WL 2680005, at *2; *In re J.S.P.*, 278 S.W.3d at 418.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice

---

[2] Even if we were to assume the trial court abused its discretion in submitting question 13, we would be unable to conclude the error required reversal because the evidence presented at trial must be considered in determining whether charge error is reversible, and we do not have any evidence to consider. *See United Scaffolding, Inc.*, 537 S.W.3d at 469; *Island Recreational Dev. Corp.*, 710 S.W.2d at 555.